

Cite as 2014 Ark. App. 13

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-716

| | |
|---|---|
| | **Opinion Delivered** January 8, 2014 |
| TERRY WASHINGTON | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. JV-12-61] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE BARBARA HALSEY, JUDGE |
| APPELLEES | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

**KENNETH S. HIXSON, Judge**

Appellant Terry Washington appeals the June 2013 order of the Craighead County Circuit Court that terminated his parental rights to his three-year-old son, TW, born in March 2010. TW's biological mother Tassie Anthony had her parental rights terminated to both TW and his younger half-sister, and Anthony's merit-based appeal was affirmed in *Anthony v. Arkansas Department of Human Services*, 2013 Ark. App. 556, handed down on October 2, 2013.[1] Washington's attorney has submitted a no-merit brief and a motion to be relieved from representation pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004). Therein, Washington's counsel asserts that after a

---

[1]In short, Ms. Anthony abused illegal drugs and was in and out of jail, with no steady job, income, or stable housing. She was, by her own admission, unavailable for the first six months, and she was uncooperative and partially unavailable for the last six months of the year-long case with the Department of Human Services.

thorough review of the record, there is no issue of arguable merit to raise on appeal and that he should be permitted to withdraw as counsel. The no-merit brief purports to explain each adverse ruling and why none would support a meritorious argument for reversal. Neither the brief nor the motion cites to Ark. Sup. Ct. R. 6-9(i) (2013), which addresses the requirements in no-merit appeals of termination-of-parental-rights cases. Washington was provided a copy of his counsel's brief and motion, and he was afforded an opportunity to file pro se points for reversal. Washington filed a one-page handwritten letter. Neither the Department of Human Services nor the child's attorney ad litem filed a responsive brief. Having reviewed this appeal under the proper standards, we hold that appellate counsel has not demonstrated that an appeal of this termination order would be frivolous or wholly without merit. *See Fredrick v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 652. We therefore order rebriefing and deny counsel's motion.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2011); *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark.*

SLIP OPINION

*Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). Credibility determinations are left to the fact-finder, here the trial court. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

The purpose of the Juvenile Code is to provide permanency and stability in a child's life when it is not possible to return the child to the parent in a reasonable period of time, as viewed from the juvenile's perspective. Ark. Code Ann. § 9-27-341(a)(3). Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for his or her child. *Compare Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005); *Cole v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 203, 394 S.W.3d 318; *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1. A parent's past behavior is often a good indicator of future behavior. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249, __ S.W.3d __.

In early March 2012, the Craighead County Circuit Court entered an ex parte order for emergency custody of TW, following his half-sibling's birth in February 2012 and their mother's positive test for drugs. TW was ordered to be placed in DHS custody, but the mother refused to relinquish custody of him. The children were adjudicated dependent-neglected in April 2012 due to parental unfitness. DHS filed a motion to terminate both the mother's and Washington's parental rights to the children in June 2012.

The June 2012 petition alleged two grounds regarding Washington: (1) that "other issues or factors" arose after the case was filed showing that despite the provision of appropriate services, Washington was incapable of, or indifferent to, remedying the

SLIP OPINION

subsequent issues or factors or rehabilitating his circumstances, preventing him from regaining custody of TW under Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)*; and (2) that Washington had been sentenced in a criminal proceeding to a period of time that would constitute a substantial period of TW's life under Ark. Code Ann. § 9–27–341(b)(3)(B)(viii).  In August 2012, the mother relinquished custody of her son to DHS.  Her parental rights were terminated after a hearing in January 2013.  *See Anthony*, *supra*.  Washington, who had been in jail since October 2012, did not seek to formally establish paternity with regard to TW until February 2013.

At the termination hearing in April 2013, Washington complained that DHS failed to include him in the case plan and failed to offer him appropriate reunification services.  He said that he watched the "The Clock is Ticking" video, attended three parenting classes, passed one drug screen, and attended visits with TW, although he was just a "tag along" with the biological mother.

The trial judge found that TW was adoptable based on the testimony of DHS caseworkers that TW and his half-sibling had been in the same foster home for months and were likely to be adopted by the same family.  The trial judge also made a best-interest finding, addressing the potential harm of returning TW to appellant, who could not take custody of his son at that time because he was in jail.

The trial judge took note of evidence that Washington was incarcerated from October 2011 to April 2012, was at liberty for a few months, and then incarcerated since October 2012.  The trial judge also noted that Washington appeared at this hearing in "prison garb and

4

shackles" with no verification of when he might be released, although he believed he would be released in October 2013. The trial court was not impressed with Washington's asserted plan to live with his mother upon release from jail; Washington's mother did not corroborate that plan. The trial court found that Washington lacked any income, lacked any suitable home, and had not resolved his criminal issues. The trial court found that DHS had proved both grounds it alleged. Proof of only one ground is required to support termination of parental rights. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526.

Counsel addresses two evidentiary rulings that were adverse to Washington, both of them concerning relevance. Counsel does not address the "other factors" ground in his appellate brief, which would include an analysis of the services DHS provided to Washington. He addresses only the substantial-period-of-incarceration ground in a most cursory and unsatisfactory fashion. Counsel's discussion does not meet the requirements of no-merit appeals in termination-of-parental-rights cases. *See Rodgers v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 172.

Because counsel fails to adequately explain why there was clear and convincing evidence of at least one ground to support termination of his parental rights, we must require counsel to rebrief this appeal. *See Blakes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 108. We do not direct that the substituted brief be on a merit or no-merit basis but rather leave that to counsel's professional judgment.

> We deny counsel's motion to withdraw and order rebriefing.
> WYNNE and BROWN, JJ., agree.
> *Thomas Wilson*, for appellant.
> No response.