SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-646

| | |
|---|---|
| BILLIE JO CRUMP ADAMS | **Opinion Delivered** February 12, 2014 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT [NO. JV-2005-308] |
| V. | |
| | HONORABLE CINDY THYER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | |
| | REBRIEFING ORDERED; MOTION |
| APPELLEES | TO BE RELIEVED DENIED |

## PHILLIP T. WHITEAKER, Judge

Appellant Billie Jo Crump Adams appeals the Craighead County Circuit Court order terminating her parental rights to her two children, A.C. and M.C.[1] Adams's attorney has filed a motion to be relieved from representation and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) of the Rules of the Arkansas Supreme Court and Court of Appeals. Adams was sent a copy of her counsel's motion and brief along with a letter informing her of her right

---

[1]A.C.'s father, Jerry Crump, consented to the termination of his parental rights. M.C.'s putative father, Roger Thorn, never entered an appearance in this case. The circuit court found that Thorn had abandoned M.C. and terminated his parental rights as well. Neither Crump nor Thorn is a party to this appeal.

to file pro se points for reversal, but she has not done so. We deny counsel's motion to be relieved and order rebriefing.

The termination of parental rights requires a two-step analysis in which the circuit court must find that the parent is unfit and that termination is in the best interest of the child. *T.J. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Smith v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 753, ___ S.W.3d ___. Arkansas Code Annotated section 9-27-341(b)(3)(A) (Repl. 2009) requires consideration of whether the termination of parental rights is in the children's best interest. This includes consideration of the likelihood that they will be adopted and the potential harm caused by returning custody of them to the parent. *T.J.*, *supra*; *Smith*, *supra*. Arkansas Code Annotated section 9-27-341(b)(3)(B) requires proof of one or more of the statutory grounds for termination.

In her no-merit brief, counsel adequately addresses the "best interest" prong of the termination analysis, setting forth the testimony and evidence supporting the circuit court's determination that the children were adoptable and that they would suffer potential harm if they were returned to Adams's custody. Under a separate point heading, counsel addresses the one adverse evidentiary ruling that occurred during the termination hearing. Additionally, the brief recites the arguments made during the directed-verdict motion at the termination hearing. Counsel does not, however, specifically discuss the circuit court's findings regarding the statutory grounds for termination or the evidence that supported the circuit court's findings.

In *Washington v. Arkansas Department of Human Services*, 2014 Ark. App. 13, this court ordered rebriefing where counsel's no-merit brief failed to adequately address the statutory grounds supporting termination: "Because counsel fails to adequately explain why there was clear and convincing evidence of at least one ground to support termination of his parental rights, we must require counsel to rebrief this appeal." *Washington*, 2014 Ark. App. 13, at 5. As counsel's brief suffers the same defect in this case, we order rebriefing.[2]

Motion to be relieved denied; rebriefing ordered within fifteen days.

GRUBER and VAUGHT, JJ., agree.

*Janet Lawrence*, for appellant.

No response.

---

[2] We are mindful that, in *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877, the supreme court held that the failure to list and discuss all adverse rulings in a no-merit termination-of-parental-rights case does not automatically require rebriefing, if the ruling would clearly not present a meritorious ground for reversal. We decline, however, to overlook counsel's omission of the circuit court's rulings on the statutory grounds for termination.