Cite as 2025 Ark. App. 49

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-24-169

| | |
|---|---|
| NATALIE DAVISON AND GARRISON TUCK<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | Opinion Delivered  January 29, 2025<br><br>APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT<br>[NO. 64JV-22-26]<br><br>HONORABLE TERRY SULLIVAN, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

**WENDY SCHOLTENS WOOD, Judge**

Appellants Natalie Davison and Garrison Tuck appeal from the Scott County Circuit Court's order terminating their parental rights to Minor Child (MC) (02/14/22). Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j), their counsel has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of this court sent a copy of the brief and the motion to withdraw to each party, informing them of their right to file pro se points for reversal pursuant to Rule 6-9(j)(3), but they have not done so. We deny counsel's motion to withdraw and order rebriefing.

In termination-of-parental-rights matters, the circuit court is required to follow a two-step process by finding by clear and convincing evidence first that the parent is unfit and second that termination is in the best interest of the child. *Gonzalez v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 425, at 5, 555 S.W.3d 915, 918. The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2023). The second step requires consideration of whether the termination of parental rights is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A). When making a best-interest finding, the circuit court is required to consider adoptability and the potential harm to the health and safety of the child that would be caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A).

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. Ark. Sup. Ct. R. 6-9(j)(1). Counsel's no-merit brief must include the following:

> (A) The argument section of the brief shall list all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.

> (B) The statement of the case and the facts shall contain all rulings adverse to the appellant, made by the Circuit Court at the hearing from which the order of appeal arose.

Ark. Sup. Ct. R. 6-9(j)(1)(A)–(B). Our de novo review of the record in this case reveals multiple deficiencies in counsel's brief that require us to order rebriefing.

First, the statement of the case is deficient. Supreme Court Rule 4-2(a)(6) requires, in part, that the statement of the case "identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal." Here, the statement of the case consists of only a brief recitation of the dates of the hearings and orders without any reference to the specific facts of the case. In addition to their appeal from the termination order, appellants have also appealed from the permanency-planning order; however, the statement of the case lacks any discussion of what occurred at both the permanency-planning hearing (PPH) and the termination hearing. What occurred at both hearings is relevant to this no-merit appeal. Rule 6-9, which is specific to dependency-neglect cases, also requires that the statement of the case in a no-merit brief include "all rulings adverse to the appellant, made by the Circuit Court at the hearing from which the order of appeal arose." Ark. Sup. Ct. R. 6-9(j)(1)(B). Counsel's statement of the case fails to address any adverse rulings except the goal change made at the PPH and the termination itself, which are only mentioned generically.

Second, the argument section fails to list all adverse rulings and explain why each adverse ruling is not a meritorious ground for reversal. The no-merit brief fails to discuss why there is no merit to the appeal of the PPH order. Although the brief contains a bare assertion related to the PPH order, it lacks any legal analysis. In regard to the termination order, counsel identifies and analyzes only one of the three statutory grounds relied upon by the circuit court in terminating appellants' parental rights. The analysis consists of one

3

sentence, which is clearly deficient. In addressing the circuit court's best-interest determination, counsel fails to address adoptability.

We are mindful that the supreme court in *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877, noted that the failure to list and discuss all adverse rulings in a no-merit termination-of-parental-rights case does not automatically require rebriefing if the ruling would clearly not present a meritorious ground for reversal. However, we decline to overlook counsel's omissions in this case. The duty to review the record and provide this court with argument as to why an appeal is without merit falls on parent counsel, not this court. We have ordered rebriefing where counsel has failed to adequately address the statutory grounds for supporting termination. *See, e.g.*, *Adams v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 106; *Washington v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 13. In the present case, counsel has failed to adequately address both the statutory-grounds findings and the best-interest determination.

We express no opinion on whether counsel should file a no-merit brief or whether the brief should be an adversarial one; rather, we leave that to counsel's professional judgment. In either case, we order counsel to submit a substituted brief within thirty days of this opinion. If counsel chooses to again file a no-merit brief, the clerk of this court will forward the brief to the appellants so that, within thirty days, they will have the opportunity to raise any points they so choose in accordance with Arkansas Supreme Court Rule 6-9(j)(3), and DHS shall be afforded the opportunity to file a responsive brief.

Motion to withdraw denied; rebriefing ordered.

TUCKER and BROWN, JJ., agree.

*Eden Law Firm*, by: *Kimberly Eden*, for appellants.

One brief only.