Derrick MITCHELL *v.* STATE of Arkansas

CR 96-1492 938 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered February 10, 1997

*John W. Rife*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1995, Derrick Mitchell was found guilty by a jury of murder in the first degree, battery in the first degree, and aggravated assault. An aggregate sentence of sixty-six years' imprisonment was imposed. We affirmed. *Mitchell v. State*, 323 Ark. 116, 913 S.W.2d 264 (1996).

Mr. Mitchell filed in the trial court a *pro se* petition pursuant to Criminal Procedure Rule 37, challenging the judgments. The trial court denied the petition, and the record has been lodged here on appeal. Appellant Mitchell's court-appointed counsel now seeks to be relieved as counsel on the ground that the appeal is wholly without merit. He further seeks an extension of time if the motion to be relieved is denied.

The motion to be relieved is denied because it does not comport with proper procedure. Rule 4-3(j)(1) provides in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.

Ark. Sup. Ct. R. 4-3(j)(2).

The motion filed by counsel has attached to it a copy of the petition filed in the trial court and a "Memorandum of Law." No brief containing an abstract and argument in accordance with Rule 4-3(j)(1) was filed with the motion.

Counsel in the motion to be relieved and the State in its response to the motion both urge that the appeal should be dismissed because the Rule 37 petition was not timely filed. There is, however, no abstract before us from which it can be determined if the petition was timely filed. The procedure set out in Rule 4-3(j)(1) is intended to avoid precisely the situation which arises from counsel's motion. Without an adequate brief which

contains an abstract of the record, we cannot make a reasoned decision on whether counsel is entitled to be relieved on the ground that the appeal is without merit. *See Anders v. California*, 386 U.S. 738 (1967); *Campbell v. State*, 288 Ark. 309, 705 S.W.2d 422 (1986).

The motion for extension of time is granted, and counsel is directed to file a brief which complies with Rule 4-3(j)(1). When the brief is filed, the motion and brief will be forwarded by the Clerk to the appellant so that he may raise within thirty days any points he chooses in accordance with Ark. Sup. Ct. R. 4-3(j)(2).

Motion to be relieved denied; motion for extension of time granted.