2010 Ark. 16

**Antonio Deshun SARTIN, Petitioner,**

v.

**STATE of Arkansas, Respondent.**

**No. CR 08–1104.**

Supreme Court of Arkansas.

Jan. 14, 2010.

Danny R. Williams, for appellant.

PER CURIAM.

|The court of appeals certified this criminal case to us pursuant to Arkansas Supreme Court Rule 1–2(b)(5) (2009) as an issue needing clarification or development of the law. The question certified to us is whether a single omission from a no-merit brief necessarily requires rebriefing. We hold that it does, and we order rebriefing and remand the matter to the court of appeals.

On June 17, 2008, appellant Antonio Deshun Sartin was convicted of aggravated robbery and felony theft of property. He was sentenced to twenty and ten years'

imprisonment, respectively, in the Arkansas Department of Correction, with the sentences to be served consecutively. On June 23, 2008, appellant's counsel, Danny R. Williams, filed a notice of appeal and designation of the record. On January 14, 2009, however, appellant's |₂counsel filed a motion to withdraw and, on January 22, 2009, filed the aforementioned brief in support of that motion pursuant to Arkansas Supreme Court Rule 4–3(k)(1) (2009) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant was provided a copy of the brief by certified mail on that date and was informed that he had thirty days in which to file any points for reversal, the thirty-day period to expire on February 21, 2009.

Appellant then filed a pro se "Motion for Extension of Time to File Supplement to Appellant [sic] Brief on Direct Appeal of His Conviction for Review" on February 19, 2009; that motion was subsequently filed by the Clerk as "Appellant's Pro Se Points" per an order of the court of appeals dated March 11, 2009. Appellee State filed a response to the points on April 10, 2009.

■ On April 22, 2009, appellant filed a pro se "Appellant's Supplement Points For Appeal," which was treated both as a supplement to the March 11 points and an objection to the Clerk's entry of the March 11 motion as appellant's points for appeal. Appellee filed its substituted reply brief to appellant's points on May 21, 2009. The court of appeals subsequently found that appellant counsel had failed to discuss one adverse ruling in his *Anders* brief in contravention of the plain language of Rule 4–3(k)(1).[1] Normally, such omissions require rebriefing. However, because some of our more recent holdings

regarding Rule 4–3(k)(1) suggest that a minor omission may not necessarily be fatal, while older holdings are |₃explicit that any missing adverse rulings require rebriefing, the court of appeals certified the case to this court pursuant to Arkansas Supreme Court Rule 1–2(b)(5) (2009) on June 30, 2009, as involving an issue needing clarification or development of the law. Because we distinguish the more recent holdings as inapposite to the instant case, we stay counsel's motion to withdraw and order rebriefing.

The purpose and substance of a brief in support of an attorney's motion to withdraw as counsel where an appeal would be without merit is governed in part by *Anders* and subsequent United States Supreme Court holdings. The Court held that the purpose of the *Anders* brief is both "to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability," and to aid the court in its "critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 439, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

■ These purposes, in turn, were held to have imposed two duties on an appellate court faced with an *Anders* brief. First, the court "must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (citing *McCoy,* 486 U.S. at 442, 108 S.Ct. 1895). Second, the court "must de-

---

1. Rule 4–3 was amended in 2008, with a new subsection (f) inserted and all subsequent subsections of that rule re-lettered. As such, Rule 4–3(k)(1) is referred to by its former citation, 4–3(j)(1), by appellate counsel, appellee State, and all older case law cited herein.

termine whether counsel has correctly concluded that the appeal is frivolous." *Penson,* 488 U.S. at 83, 109 S.Ct. 346.

To fulfill the duties imposed in no-merit withdrawal cases, we promulgated Rule 4–3, which, in pertinent part, requires appellant counsel's brief to "contain ... a list of all rulings adverse to the defendant made by the circuit court on all objections ... with an explanation as to why each ... is not a meritorious ground for reversal." Ark. Sup.Ct. R. 4–3(k)(1) (2009). The rule further requires that "the abstract and addendum of the brief shall contain ... all rulings adverse to the defendant." *Id.* We cannot affirm an appellant's conviction and allow an attorney to withdraw without adequate discussion as to why a particular ruling by the trial court should not be a meritorious ground for reversal. *Brady v. State,* 346 Ark. 298, 302, 57 S.W.3d 691, 694 (2001); *Mitchell v. State,* 327 Ark. 285, 286–7, 938 S.W.2d 814, 815 (1997). Therefore, generally speaking, if a no-merit brief fails to address all the adverse rulings, we will send it back for rebriefing. *Brady,* 346 Ark. 298, 57 S.W.3d 691; *Mitchell,* 327 Ark. 285, 938 S.W.2d 814.

Recent cases from this court, however, have held that, in certain situations, failure to include one or more adverse rulings will not automatically require remand for rebriefing if the omitted adverse ruling(s) would not be grounds for reversal had any such rulings been properly included.

In *Linker–Flores v. Arkansas Department of Human Services,* 364 Ark. 224, 217 S.W.3d 107 (2005), this court applied the *Anders* procedures to indigent parent appeals from orders terminating parental rights.[2] *See Adams v. Ark. Dep't of Health and Human Servs.,* 375 Ark. 402, 291 S.W.3d 172 (2009). Our review of the record in *Linker–Flores* revealed three additional rulings adverse to Mrs. Linker–Flores that were not abstracted or included in the argument section of the brief, which would normally have required rebriefing. 364 Ark. at 232, 217 S.W.3d at 114 (citing *Brady v. State,* 346 Ark. 298, 57 S.W.3d 691 (2001) and *Mitchell v. State,* 327 Ark. 285, 938 S.W.2d 814 (1997)). Nevertheless, because *Linker–Flores* was our first occasion to address the specific procedures for a termination-of-parental-rights no-merit brief, the adverse rulings were clearly not meritorious, and we wanted to avoid any additional delay in the case, we declined to order rebriefing. *Id.*

Similarly, in *Lewis v. Arkansas Department of Human Services,* 364 Ark. 243, 217 S.W.3d 788 (2005), there were four rulings adverse to appellant in the termination hearing that were not abstracted or included in the no-merit brief's argument section. 364 Ark. at 255, 217 S.W.3d at 796. We declined to order rebriefing under the same rationale that we applied in *Linker–Flores. Id.*

Rather than signaling a change in policy, the disparate treatment of *Anders* briefs in *Lewis* and *Linker–Flores* as compared to *Brady* and *Mitchell* is consistent with our recognition of the inherent differences between civil and criminal law and makes the former cases easily distinguishable from the latter group. Indeed, a slightly less strict application of Rule 4–3(k)(1) in a civil case mirrors a number of other important distinctions between termination-of-parental-rights and criminal proceedings.

Perhaps the most telling difference between the two areas of law is in the burden of proof that must be met. In termination actions, the petitioner seeking

---

**2.** Actions terminating parental rights are civil in nature and governed by the Arkansas Rules of Civil Procedure. *See, e.g.,* Ark.Code Ann. § 9–27–325(f) (2009).

to terminate the parents' rights must prove the facts supporting that recommendation to the court by clear and convincing evidence. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). While *J.T.* indicates that this standard requires a degree of proof which will produce in the fact-finder a firm conviction as to the allegation sought to be established, clear and convincing evidence "lies somewhere between a preponderance of the evidence and proof beyond a reasonable doubt." *Kelly v. Kelly,* 264 Ark. 865, 869, 575 S.W.2d 672, 675 (1979). In criminal cases, however, the presumption of innocence is so strong that it serves an accused as evidence in his favor throughout the trial and entitles him to an acquittal unless the state adduces evidence which convinces the jury beyond a reasonable doubt that he is guilty of the crime charged. *Williams v. State,* 259 Ark. 667, 672, 535 S.W.2d 842, 846 (1976) (citations omitted). It is a fundamental right in the American system antedating any constitution and an essential element of due process of law. *Id.*

■ A second important difference between termination-of-parental-rights cases and criminal law is the standard of review on appeal when a party challenges the sufficiency of the evidence presented against him. In termination cases, the appellate court reviews the trial court's findings de novo, and a decision will only be overturned if the court's decision that a disputed fact was established by clear and convincing evidence was clearly erroneous. *Wade v. Ark. Dep't of Human Servs.,* 337 Ark. 353, 990 S.W.2d 509 (1999); *J.T.,* 329 Ark. 243, 947 S.W.2d 761; *Lewis,* 364 Ark. 243, 217 S.W.3d 788. In criminal actions, the court reviews questions under the more deferential substantial-evidence standard by considering only the evidence which supports a conviction and only over-

turning that conviction if there is not substantial evidence to support it. *Nelson v. State,* 365 Ark. 314, 229 S.W.3d 35 (2006). Substantial evidence is evidence that would compel reasonable minds to a conclusion or induce the mind to pass beyond suspicion or conjecture, thereby ensuring that the evidence was convincing to a point that any rational fact-finder could have found guilt beyond a reasonable doubt. *Williams v. State,* 351 Ark. 215, 91 S.W.3d 54 (2002).

■ In the context of *Anders* briefs, this second distinction is illustrative of why this court would accept a brief that omits an adverse ruling as long as the ruling would clearly not be a meritorious ground for appeal in termination cases, but decline to do the same in appeals from criminal convictions. In the former, through de novo review for clear error, the appellate court will review all of the evidence presented for error, resolving all inferences in favor of the appellee. *Dinkins v. Ark. Dep't of Human Servs.,* 344 Ark. 207, 40 S.W.3d 286 (2001). Under the substantial-evidence standard for reviewing a criminal conviction, however, the appellate court considers only evidence that would support a conviction in the light most favorable to the state, and affirms if there is evidence forceful enough to support the conviction. *Bell v. State,* 371 Ark. 375, 266 S.W.3d 696 (2007).

Because a court, under the de novo review for clear error, may consider a broader range of evidence and may reverse the decision even where there is evidence to support a trial court's ruling if the reviewing court is left with a definite and firm conviction that a mistake has been made, the dangers of an omitted issue in an *Anders* brief are minimized. The court may take into account all of the other evidence presented to determine whether the omitted ruling would be a meritorious ground for appeal had it been

properly briefed. In contrast, because the scope of substantial-evidence review is more narrow, allowing a deficient *Anders* brief creates some amount of risk that the appellate court will not consider a piece of evidence at all or will not consider it in the correct light and will incorrectly determine that an attorney may withdraw from representation.

As the Sixth Amendment extends the right to effective assistance of counsel to appeals from convictions, *Anders* briefs were created as a prophylactic framework to satisfy Fourteenth Amendment due-process concerns when an attorney wished to withdraw from a meritless appeal. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Anders,* 386 U.S. 738, 87 S.Ct. 1396. The United States Supreme Court has held that states are allowed wide discretion, subject to constitutionally guaranteed minimums, to fashion procedures and policies for dealing with *Anders* briefs and no-merit appeals. *Smith v. Robbins,* 528 U.S. 259, 273, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). By requiring every adverse ruling to be abstracted and briefed, we have ensured that the due-process concerns in *Anders* are met and that the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on trial counsel's motion to withdraw is avoided. We see no reason to lessen these protections, and we hold that, in a criminal case, on direct appeal, a no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be re-briefed.

Certified question answered. Remand to court of appeals.

BOWEN, J., not participating.