

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–229

| | |
|---|---|
| KENYON TAYLOR<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 22, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CR–2014-229-1]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## CLIFF HOOFMAN, Judge

Appellant Kenyon Taylor appeals from his convictions for first-degree murder, first-degree battery, and a firearm enhancement, for which he received an aggregate sentence of fifty-five years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court, Taylor's counsel has filed a motion to be relieved as his attorney, alleging that this appeal is without merit. Counsel has also filed a brief in which she contends that all adverse rulings have been abstracted and discussed. In addition, Taylor has exercised his right to file pro se points for reversal. We deny counsel's motion to withdraw at this time and order rebriefing due to counsel's failure to abstract and discuss all adverse rulings in compliance with Rule 4–3(k).

In April 2014, Taylor was charged with one count of murder in the first degree in connection with the death of Randy Shinkle on June 24, 2012. Taylor was also charged with criminal attempt to commit murder in the first degree in connection with the shooting of

Juan Santiago, in addition to a felony firearm enhancement. The attempted-murder charge was subsequently reduced to battery in the first degree. After a jury trial, Taylor was found guilty of all charges and received consecutive sentences of forty years' imprisonment for the murder conviction, five years for the battery conviction, and ten years for the firearm enhancement. The amended sentencing order was entered on October 2, 2014, and Taylor filed a timely notice of appeal.

Asserting that there would be no merit to an appeal, Taylor's counsel has filed a motion to withdraw and a no-merit brief with this court in which she alleges that all adverse rulings have been abstracted and discussed in accordance with Arkansas Supreme Court Rule 4-3(k) (2015). Counsel asserts that the only rulings that were adverse to Taylor were the denial of his directed-verdict motions and the denial of his objection to the jury instruction on the firearm enhancement. However, our review of the record reveals that there were additional adverse rulings that were either not abstracted or discussed by counsel, and we must therefore deny counsel's motion to withdraw and order rebriefing.

In a criminal no-merit appeal, in order to comply with Arkansas Supreme Court Rule 4-3(k)(1) and *Anders, supra*, counsel is required to abstract each adverse ruling by the circuit court and discuss why each particular ruling would not present a meritorious basis for reversal; we must order rebriefing if counsel fails to do so. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. In the present case, there were at least two objections by the State that were sustained by the circuit court during cross-examination of witnesses for the prosecution, and counsel has failed to abstract these rulings. In addition, there were numerous other adverse rulings

2

that are abstracted, but counsel fails to discuss why these rulings would not present a meritorious issue for appeal. Furthermore, we note that counsel's discussion of the two adverse rulings that are mentioned in her brief is conclusory and inadequate, consisting only of counsel's bare assertions that "there was sufficient evidence to support the jury's verdict and the trial court's sentencing," that Taylor "has no arguable claim to raise" on appeal, and that the circuit court "did not err in denying the Defense's motion for directed verdict of acquittal and denying the objection to the firearm enhancement." This is clearly insufficient to meet the requirements of Rule 4–3(k)(1). *See, e.g.*, *Weaver v. State*, 2013 Ark. App. 310 (holding that it is counsel's responsibility in a no-merit brief to set forth the evidence that supports the verdict and to demonstrate to us how it is, in fact, sufficient to support the verdict and why it provides no basis for a meritorious appeal).

Because the no-merit brief in this case is deficient, we order counsel to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3). The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review the requirements contained in Rule 4–3(k)(1) prior to filing a substituted brief. We express no opinion as to whether the substituted appeal should address the merits or should be made pursuant to Rule 4–3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to Taylor so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Ark. Sup. Ct. R. 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.



Rebriefing ordered; motion to withdraw denied.

GLADWIN, C.J., and BROWN, J., agree.

*E. J. Raynolds Law Firm, P.A.*, by: *Emily J. Reynolds*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.