Cite as 2017 Ark. App. 1

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-224

| | | |
|---|---|---|
| ERIC LENDERMAN | | **Opinion Delivered:** January 18, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE GREENE |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 28CR-14-186] |
| | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DAVIS, |
| | APPELLEE | JUDGE |
| | | |
| | | MOTION TO WITHDRAW DENIED; |
| | | REBRIEFING ORDERED |

## RITA W. GRUBER, Chief Judge

Counsel for Eric Lenderman has filed a no-merit brief and a motion to withdraw as counsel in this case, purportedly filing his brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Arkansas Supreme Court Rule 4–3(k)(1) (2016). Lenderman has filed a list of pro se points for reversal pursuant to Rule 4–3(k)(2), and the State has submitted a brief in response to the issues he has raised. We order rebriefing because counsel's brief does not comply with the requirements of Rule 4–3(k)(1).

On October 3, 2014, the Circuit Court of Greene County accepted appellant's negotiated plea of guilty to Class D felony theft of a credit/debit card or account number, *see* Ark. Code Ann. § 5–36–103(b)(3)(C), and to Class C felony fraudulent use of a credit/debit card or account number by obtaining moneys, goods, or services in a six-month period valued at less than $25,000 but more than $5,000. Ark. Code Ann. § 5–37–207(b)(2) (Repl. 2013). He was sentenced to four years' supervised probation, subject to written conditions. He was

to report as directed to a supervising officer and permit visits to his residence, place of employment, or other property; notify the supervising officer of address changes; pay $35 in monthly supervision fees; make monthly restitution payments of $175, through the sheriff's office, to the victim;[1] and pay $50 each month toward court costs and fees totaling $720.

In a December 2014 petition to revoke probation and an April 2015 supplemental petition, the State alleged that appellant had not complied with certain conditions of his probation. At the conclusion of a revocation hearing on November 2, 2015, the circuit court found that appellant had violated multiple conditions of his probation. The sentencing order entered on the same date reflects that the court revoked appellant's probation and imposed concurrent sentences of 72 months' imprisonment for the theft of property and 72 months' suspended imposition of sentence on the fraudulent use of a credit card.

In his no-merit brief to our court, counsel states that no objections were raised by appellant during the hearing and that the only "apparent issue" regards the sufficiency of the evidence. The argument section of a no-merit brief, however, must contain "a list of *all rulings adverse to the defendant . . . on all objections, motions and requests made by either party* with an explanation as to why each ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2016)(emphasis added). Additionally, the rule requires that the brief's abstract and addendum "shall contain . . . all rulings adverse to the defendant" made by the circuit court. *Id.* Generally speaking, if a no-merit brief fails to address all adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 4, 362 S.W.3d 877, 880. The

---

[1]The victim was appellant's grandmother.

requirement for abstracting and briefing every adverse ruling ensures that due-process concerns are met and avoids the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* at 8, 362 S.W.3d at 882. Thus, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Id.*

Our examination of the record in the present case reveals that the circuit court sustained hearsay objections raised by the State during appellant's testimony in the case for the defense. Counsel has not abstracted these objections and rulings; nor has he listed them or explained why the adverse rulings do not constitute meritorious grounds for reversal. We order rebriefing because of this deficiency.

Counsel is encouraged to review *Anders v. California*, *supra*, and Rule 4–3(k)(1) for the requirements of a no-merit brief. We also note that the statement of the case in counsel's brief fails to include supporting page references to the abstract or addendum, a briefing requirement under Rule 4–2(a)(6), and that various portions of the argument section fail to refer to pages of the abstract or addendum,[2] as required by Rule 4–2(a)(7).

The briefing deficiencies we have mentioned are not to be taken as an exhaustive list. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After the filing of the substituted brief, our clerk will forward counsel's motion and brief to appellant so that, within thirty days, he again

---

[2]For example, the argument section refers only to a page of the record, not of the addendum, when reproducing an allegation in the State's supplemental petition to revoke.

will have the opportunity to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given the opportunity to file a responsive brief. Appellant and the State may elect instead to stand on the original pro se points and responsive brief in this case.

Motion to withdraw denied; rebriefing ordered.

VIRDEN and HIXSON, JJ., agree.

*Caroline Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.