

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–16-562

| | |
|---|---|
| | **Opinion Delivered:** June 21, 2017 |
| GEORGE DEWAYNE GUTHRIE<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 16LCR-15-18] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## BART F. VIRDEN, Judge

Appellant George Dewayne Guthrie appeals from his convictions of residential burglary and theft of property. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court, Guthrie's counsel has filed a motion to be relieved as his attorney, alleging that this appeal is without merit. Counsel has also filed a brief in which he contends that all adverse rulings have been abstracted and discussed. In addition, Guthrie has exercised his right to file pro se points for reversal.

We deny counsel's motion to withdraw at this time and order rebriefing due to counsel's failure to abstract and discuss all adverse rulings in compliance with Rule 4-3(k).

In May 2015, Guthrie was charged with one count of breaking or entering and one count of theft of property. An amended information was filed in December 2015 in which Guthrie was charged with one count of residential burglary and one count of theft of

property. He was charged as a habitual offender. After a jury trial, Guthrie was found guilty of both charges. Guthrie received a sentence of thirty years in prison for the residential burglary conviction and was assessed a fine of $2500, and he received a sentence of six months in the county jail for the theft-of-property conviction. Guthrie filed a timely notice of appeal.

Asserting that there would be no merit to an appeal, Guthrie's counsel has filed a motion to withdraw and a no-merit brief with this court in which he alleges that all adverse rulings have been abstracted and discussed in accordance with Arkansas Supreme Court Rule 4–3(k). Counsel noted several adverse rulings, including the denial of Guthrie's motion to suppress, the denial of his directed-verdict motion on the charges of residential burglary and theft, the denial of Guthrie's request for a mistrial, and the circuit court's overruling his objection to the State's characterization of the defense's argument concerning "occupiable structure" during the State's closing argument; however, our review of the record reveals that there were additional adverse rulings that were either not abstracted or not discussed by counsel, and we must therefore deny counsel's motion to withdraw and order rebriefing.

In a criminal no-merit appeal, in order to comply with Arkansas Supreme Court Rule 4-3(k)(1) and *Anders*, *supra*, counsel is required to abstract each adverse ruling by the circuit court and discuss why each particular ruling would not present a meritorious basis for reversal; we must order rebriefing if counsel fails to do so. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. In the present case, there were at least two other rulings adverse to Guthrie. The first instance is the circuit court's denial of Guthrie's request that the court administer the sentence after the jury had found him guilty. The second instance is the circuit court's

denial of Guthrie's request for an appeal bond. Counsel has failed to abstract these rulings and has failed to discuss why these rulings would not present a meritorious issue for appeal.

Because the no-merit brief in this case is deficient, we order counsel to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review the requirements contained in Rule 4-3(k)(1) prior to filing a substituted brief. We express no opinion as to whether the substituted brief should address the merits or should be made pursuant to Rule 4-3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to Guthrie so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.

Rebriefing ordered; motion to withdraw denied.

WHITEAKER and MURPHY, JJ., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.