

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–17–354

| | |
|---|---|
| | **Opinion Delivered** November 1, 2017 |
| RODDRICK LARNELL SMITH<br>APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-15-201] |
| V. | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

## PHILLIP T. WHITEAKER, Judge

Roddrick Larnell Smith[1] appeals a Columbia County Circuit Court order revoking his probation and sentencing him to five years in the Arkansas Department of Correction plus five years' suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court, Smith's counsel has filed a motion to be relieved as his attorney, alleging that this appeal is without merit. Counsel has also filed a brief in which he contends that all adverse rulings have been abstracted and discussed. In his brief, counsel asserted that the only adverse rulings by the trial court were related to its decision that revocation was appropriate. We disagree. Our review of the record reveals that there was an additional adverse ruling that was neither abstracted nor discussed by

---

[1]We note that in other places in the record Mr. Smith's first name is spelled "Rodrick."

counsel, and we must therefore deny counsel's motion to withdraw and order rebriefing because of counsel's noncompliance with Rule 4–3(k).

A brief summary of the facts and procedural history follows. Smith pled guilty to furnishing prohibited articles in March 2016 and was sentenced to ten years' probation. The conditions of his probation included the following: not to commit any criminal offenses punishable by imprisonment; not to purchase, own, control, or possess any firearm, or be in the company of any person possessing same; and to pay his court costs at the rate of $50 per month with all costs to be paid within six months. The State later filed a petition to revoke Smith's probation, alleging that Smith had violated the terms and conditions of his probation by (1) committing the criminal offense of possession of a firearm by certain persons; (2) possessing a firearm; and (3) failing to pay his court costs as ordered.

The court conducted a revocation hearing in January 2017. At the hearing, defense counsel informed the court that Smith was prepared to plead "true" to his failure to pay costs but reserved his right to remain silent on the alleged firearm violations. The court then received evidence that an officer with the Arkansas State Police initiated a traffic stop of a vehicle driven by Smith after having observed him drive on the wrong side of the road. Smith initially gave the officer a false name, and he was placed under arrest for obstruction of justice. As Smith was exiting the vehicle, the officer spotted a .22 revolver tucked between the driver's seat and the center console by Smith's right knee. The court also received evidence that Smith still owed $50 of his costs and that in November 2016—more than six months after he had been ordered to pay costs—he owed $450.

SLIP OPINION

After considering the evidence presented, the court found Smith guilty of violating the terms and conditions of his probation by possessing a firearm and by failing to pay his fees and costs in full within six months. The State recommended a sentence of five years' incarceration in the Arkansas Department of Correction with five years' suspended imposition of sentence. Smith requested probation. The Court rejected Smith's request and sentenced Smith per the recommendation of the State.

Smith appealed his revocation, and counsel has filed a no-merit brief. In a criminal no-merit appeal, counsel is required to abstract each adverse ruling by the circuit court and to discuss why each particular ruling would not present a meritorious basis for reversal. Arkansas Supreme Court Rule 4–3(k)(1); *Anders*, *supra*. We must order rebriefing if counsel fails to do so. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. In the present case, trial counsel asked that the court sentence Smith to probation rather than incarceration. The trial court denied the request and sentenced Smith to five years in the Arkansas Department of Correction plus five years' suspended imposition of sentence. Counsel neither abstracted the request nor articulated why this adverse ruling was not meritorious.

Because the no-merit brief in this case is deficient, we order counsel to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3). The deficiency noted above should not be taken as an exhaustive list, and we encourage counsel to review the requirements contained in Rule 4–3(k)(1) prior to filing a substituted brief. We express no opinion as to whether the substituted appeal should address the merits or should be made pursuant to Rule 4–3(k)(1). If a no-merit brief

3

is filed, counsel's motion and brief will be forwarded by the clerk to Smith so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Arkansas Supreme Court Rule 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.

Rebriefing ordered; motion to withdraw denied without prejudice.

ABRAMSON and GLADWIN, JJ., agree.

*The Burns Law Firm, PLLC*, by: *Meagan Burns*, for appellant.

One brief only.