WAYMOND M. BROWN, Judge
Alim Shakir Hakim was convicted by a Sebastian County jury of one count of delivery of cocaine and sentenced as a habitual offender to twenty-five years' imprisonment with an additional five years' suspended sentence. Pursuant to Anders v. California ,[1] and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Hakim's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, which addresses all objections and motions decided adversely to Hakim, and a brief in which counsel purportedly explains why there is nothing in the record that would support an appeal. The clerk of this court provided Hakim with a copy of his counsel's brief and notified him of his right to file pro se points for reversal, but he has not done so. We deny counsel's motion to withdraw and order rebriefing.
Hakim was sentenced as a habitual offender; however, none of the previous convictions are included in the addendum. Additionally, there was a video played during the trial, and although it is abstracted, the video is not included in the addendum. Arkansas Supreme Court Rule 4-2(a)(8)(A)[2] requires that the addendum contain all relevant pleadings, orders, documents, and exhibits in the record that are essential to an understanding of the case.
A brief's abstract shall contain "material parts" of the transcripts, including information "essential for the appellate court to ... understand the case, and to decide the issues on appeal."[3] Here, during closing argument, counsel admitted to the jury that Hakim was guilty of delivery of cocaine. However, that portion of the transcript has not been abstracted in violation of our rules. Additionally, during sentencing, counsel asked the jury to consider sentencing Hakim to a minimal sentence of three years, based on the fact that Hakim was already sentenced to sixty-eight years' imprisonment in other cases. The jury declined the request and sentenced Hakim to twenty-five years' imprisonment with an *202 additional five years suspended; however, counsel neither abstracted this request nor articulated why this adverse ruling was not meritorious. In a criminal no-merit appeal, in order to comply with Arkansas Supreme Court Rule 4-3(k)(1) and Anders ,[4] counsel is required to abstract each adverse ruling by the circuit court and discuss why each particular ruling would not present a meritorious basis for reversal; we must order rebriefing if counsel fails to do so.[5]
Counsel's argument before this court is as follows:
The undersigned attorney believe[s] that this is a no merit appeal. Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Rule 4-3(h) of the Rules of the Supreme Court, the record has been abstracted and reviewed. There were no adverse ruling of the trial court. Only one objection was made, by the State, which the court first upheld (R. 58-59, AB 1-2) but after reconsideration, the trial court reversed its ruling, allowing the defense counsel to argue how much prison time the appellant had previously received. (R. 85-86, AB 2-3)
At the start of trial, which was for delivery of cocaine in violation of ACA 5-64-422, trial counsel admitted that the appellant was guilty of the crime. (R. 81, AB. 2) Thus, there is not even an argument for insufficient evidence to convict. Trial counsel did not move for a directed verdict, and acknowledged such. (R. 114-115, AB 13-14)
Based on the fact that no objections were made that were adverse to the appellant, an appeal is frivolous. Based on these facts, the ruling of the Trial Court should be upheld and the undersigned allowed to withdraw as counsel for the appellant.
A close look at page two of the abstract reveals that during a side bar, counsel stated to the court, "My client committed this crime. They have a video of it[.]" However, it was not the court that found Hakim guilty, it was the jury. Thus, counsel has directed us to the wrong statement in his attempt to justify why a sufficiency argument is unwarranted. Reference in the argument portion of the parties' brief to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found.[6] Counsel has failed to do this.[7] Counsel has also failed to state the applicable standard of review in violation of our rules.[8]
The briefing deficiencies mentioned are not to be taken as an exhaustive list. Counsel has fifteen days from the date of this opinion to file a substituted abstract, brief, and addendum that complies with the rules.[9]
Rebriefing ordered; motion to withdraw denied.
Gruber, C.J., and Harrison, J., agree.

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

(2017).

Ark. Sup. Ct. R. 4-2(a)(5) (2017).

Supra.

Sartin v. State , 2010 Ark. 16, 362 S.W.3d 877.

Ark. Sup. Ct. R. 4-2(a)(7).

Counsel indicated to the jury during closing that Hakim was guilty but failed to abstract that part of the transcript.

Ark. Sup. Ct. R. 4-2(a)(7).

See Ark. Sup. Ct. R. 4-2(b)(3).