Cite as 2021 Ark. App. 14

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR–20–300

| | |
|---|---|
| TYLOR REED JONES <br><br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br><br> APPELLEE | **Opinion Delivered:** January 13, 2021 <br><br> APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-642] <br><br><br> HONORABLE CARLTON D. JONES, JUDGE <br><br> MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Tylor Jones was found guilty by the Miller County Circuit Court of one count of possession of less than two grams of methamphetamine and sentenced to six years in the Arkansas Department of Correction (ADC). His attorney has now filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) on the ground that an appeal would be without merit. Jones was notified of his right to file pro se points but did not do so. We must deny counsel's motion to withdraw and order rebriefing at this time.

The Supreme Court has held that the purpose of the *Anders* brief is both "to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability" and to aid the court in its "critical determination whether the appeal is indeed so frivolous that counsel

should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439 (1988). Our Rule 4–3(k)(1) provides that a request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* The abstract and addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id.*

Here, counsel asserts that the only adverse ruling that occurred at trial was the circuit court's denial of defendant's motion to dismiss.[1] We disagree. Counsel omits from both the abstract and discussion an adverse ruling that occurred during the sentencing portion of the trial. At trial, after the court found Jones guilty and sentenced him to six years in the ADC, defense counsel requested that the court "consider a judicial transfer for this sentence to the Community Punishment Center." After the State pointed out that Jones had a conviction from Louisiana that would preclude such a transfer, the court denied Jones's request. The sentencing order in this case, however, indicates that the potential presumptive sentences for this particular offense would have been (1) a sentence in the ADC for a term between two and four years, (2) judicial transfer to a community corrections center, or (3) an alternative sanction.

---

[1]In his *Anders* brief, counsel adequately addresses the sufficiency of the evidence supporting Jones's conviction.

Clearly, Jones requested an alternative sanction that was denied by the court. The failure to grant a request for an alternative sanction is an adverse ruling that must be addressed in a no-merit brief. *See, e.g.*, *Swarthout v. State*, 2012 Ark. App. 46 (counsel failed to abstract or address the circuit court's denial of defendant's request for a transfer to Veterans Treatment Court or for probation). Our supreme court has held that when counsel fails to address every adverse ruling, rebriefing must be ordered. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. Because counsel has failed to address all the adverse rulings that occurred below, we must deny his motion to withdraw at this time and order rebriefing. Accordingly, we order counsel to cure the deficiencies in the brief by filing a substituted brief within fifteen days from the date of this opinion.

Motion to withdraw denied; rebriefing ordered.

VIRDEN and KLAPPENBACH, JJ., agree.

*The Potter Law Firm, LLP*, by: *Thomas A. Potter*, for appellant.

One brief only.