Cite as 2021 Ark. App. 16

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-99

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** January 13, 2021 |
| MALVIN BYNUM | | APPEAL FROM THE FAULKNER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 23CR-17-667] |
| V. | | |
| | | HONORABLE CHARLES E. |
| | | CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REBRIEFING ORDERED; MOTION |
| | | TO WITHDRAW DENIED |
| | | WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant Malvin Bynum appeals after he was convicted by a Faulkner County Circuit Court jury of battery in the first degree while employing a firearm as a means of committing battery in the first degree. He was sentenced to serve a total of 180 months' imprisonment in the Arkansas Department of Correction. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2019) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se points for

reversal; however, he has not done so.[1]  Consequently, the State has not filed a brief in response.  Because counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k), we order rebriefing and deny counsel's motion to withdraw without prejudice.

Pertinent to this appeal, appellant was charged by amended information with battery in the first degree, and the State further alleged that appellant's sentence should be enhanced pursuant to Arkansas Code Annotated section 16-90-120 for having employed a firearm as a means of committing the offense.[2]  At trial, the victim, Julius Brown, testified that he had texted appellant, Brown's neighbor, to turn down the loud music.  According to Brown, appellant knocked on his door a short time thereafter and shot him after he had opened the door.  Virginia Mattison testified that Brown called her immediately after the incident.  Brown told her that appellant had shot him, and Brown asked her to call 911.  Appellant admitted that he knocked on Brown's door to confront him about the music and text message.  However, appellant testified that another man named "Rip" was with him and that it was Rip who had shot Brown.  Appellant further testified that he did not know Rip very well and that he could not provide any further information about Rip to law enforcement.  The jury found appellant guilty of battery in the first degree and that appellant had employed a firearm as a means of committing battery in the first degree.  This appeal followed.

---

[1]The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

[2]Appellant was also charged with failure to appear and attempted murder in the first degree.  However, the jury acquitted appellant of attempted murder in the first degree, and the State nolle prossed the failure-to-appear charge.

2

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal" and that "the abstract and addendum of the brief shall contain . . . all rulings adverse to the defendant." Ark. Sup. Ct. R. 4-3(k)(1). Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 4, 362 S.W.3d 877, 880. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882. For these reasons, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Id.*

Our review of the record reveals that although counsel has argued why the denial of the directed-verdict motion is not a meritorious ground for reversal, counsel failed to address several other adverse rulings in the argument section of the no-merit brief, and at least one adverse ruling was not even abstracted. For example, starting on record page 247 (abstract page 12), there was a pretrial discussion regarding whether certain testimony should be excluded. Defense counsel objected to the testimony on the basis that it was duplicative. However, the circuit court permitted some of the testimony discussed. Next, starting on record page 338 (abstract page 35), defense counsel objected to the victim being permitted to show his scars to the jury; however, the circuit court ruled that the victim would be allowed to do so as long as it would not be disruptive to the proceedings. Starting on record

3

page 367 (abstract 45), the prosecutor objected to statements made by defense counsel during the questioning of the witness, and the circuit court instructed counsel to ask a question. On record page 450 (not abstracted), appellant asked the circuit court if he could say something; however, the circuit court refused and stated that it would only allow defense counsel an opportunity to question him further. Finally, starting on record page 477 (abstract 64), the prosecutor objected during closing statements. After an "[i]ndiscernible sidebar discussion" took place according to the record, the circuit court admonished the jury that it was not to rely on counsel's recollection of the facts. Due to these deficiencies, we deny counsel's motion to withdraw and order rebriefing.

Accordingly, we order counsel to cure these deficiencies by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be a no-merit brief pursuant to Rule 4-3(k)(1) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he will again have the opportunity to raise any points he so chooses in accordance with Rule 4-3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.

Rebriefing ordered; motion to withdraw denied without prejudice.

ABRAMSON and GRUBER, JJ., agree.

*McKay Law Firm, PLLC*, by: *Matthew McKay*, for appellant.

One brief only.