Cite as 2025 Ark. App. 355

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-737

| | | |
|---|---|---|
| JOSE RODRIGUEZ | | Opinion Delivered June 4, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | | [NOS. 66FCR-24-30 and 66FCR-24-31] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**BART F. VIRDEN, Judge**

Jose Rodriguez appeals his conviction by a Sebastian County Circuit Court jury of two counts of delivery of methamphetamine, more than two grams and less than ten grams. Rodriguez's counsel filed a motion to withdraw and no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), asserting that there is no merit to an appeal. Rodriguez was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a reply brief. Because Rodriguez's counsel's no-merit brief does not comply with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and

requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, rebriefing will be ordered. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Counsel adequately addressed the denial of Rodriguez's motion for directed verdict, the State's motion to exclude time for speedy-trial purposes, the State's motion for joinder, the circuit court's decision to suspend Rodriguez's driver's license, and his sentencing; however, counsel has failed to explain why the State's successful objection to speculation during the sentencing hearing is not a meritorious ground for reversal.

The deficiency we have noted may not be the only one, and counsel is encouraged to review *Anders* and Rule 4-3(b) for the requirements of a no-merit brief. *Toney v. State*, 2025 Ark. App. 3. Rodriguez's counsel has fifteen days from the date of this opinion to file a substituted brief. *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Rodriguez, and he will have thirty

days to raise any pro se points pursuant to Rule 4-3(b)(2). In the event pro se points are submitted, the State will also be given an opportunity to file a response brief.

Rebriefing ordered; motion to withdraw denied.

BARRETT and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.