Anthony A. NELSON *v.* STATE of Arkansas

CA CR 92-1198                                859 S.W.2d 658

Court of Appeals of Arkansas
Division II
Opinion delivered August 25, 1993

*William R. Simpson*, by: *Phillip Hendry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. On April 15, 1992, appellant was convicted by a jury of robbery and misdemeanor theft of property. He was sentenced as a habitual offender to twelve years in the Arkansas Department of Correction. Appellant contends on appeal that the trial court erred in denying his motion to proceed pro se and represent himself without the assistance of counsel. We find no error and affirm.

At a pretrial hearing held on January 14, 1992, appellant

requested that the court relieve his defense counsel from representing him, citing ineffective assistance of counsel, and requested that a different and specific public defender be appointed. When questioned by the court about his claims of ineffective assistance of counsel, the appellant could not cite any specific problem that his attorney was not handling properly. The court found no reason to justify granting appellant's request.

Prior to the commencement of the trial on April 15, 1992, appellant made an oral motion to represent himself, again contending ineffective assistance of counsel. Here, appellant was complaining that his defense counsel failed to subpoena three reverends as character witnesses as part of his defense. Appellant's counsel responded to the comments by stating:

> Character witnesses I did not subpoena. We had character witnesses here last time. I spoke with those character witnesses. Mr. Simpson was also present when I spoke to those character witnesses last time. In my opinion, from speaking with those three gentlemen at the last trial, they would do more damage than they would help. They also told me they did not want to testify unless they were actually forced to. I felt that it would do more damage than it would any help. They had been here last time. I think you remember when we were back in chambers the three reverends I had with me. You remember the last trial?

> THE COURT:

> Uh huh.

> MR. BROWN:

> Those would be the same character witnesses. And that is the strategy on my part and I do not want them here, your Honor.

> \* \* \* \*

> THE DEFENDANT:

> But I'm trying to show you his ineffective assistance of counsel here this morning.

> THE COURT:

He's pretty effective. He won everything.

Appellant then went on to make his motion, and the following transpired:

THE DEFENDANT:

Well, Mr. Lofton, then I'm going to ask this Court if they would honor me and I would represent myself under pro se matter and ask that this jury trial be put off until another time until I prepare myself and bring me back in about a month, please, sir.

THE COURT:

Are you ready for trial, Bill?

MR. BROWN:

I'm ready for trial.

\* \* \* \*

THE COURT:

The Court views this as a pure and simple motion for a continuance. There's absolutely no merit to it. He's got a good lawyer, good counsel, successful lawyer in the past. An allegation of ineffective assistance of counsel, there's no merit to it. I haven't heard anything. If I do hear it - And I won't, Bill. You're competent. If I do hear it, we'll stop and talk about it during trial. But it won't happen.

The Court does remember that the three minister [sic] that were here last time specifically did not want to testify about his character and indicated to the Court that they would not be helpful to his character. And they were released and he won. He won that case for him. And I respect your judgment that they wouldn't be helpful to him this time.

So, motion for a continuance is denied, which is what it amounts to . . . .

If he wanted to go to trial today and represent himself, fine. But, if he doesn't know enough about it to go to trial today, then he obviously doesn't know whether there's been

ineffective assistance of counsel or anything else.

So, we'll go to trial today.

When asked for a final time whether he wished to proceed pro se, the following transpired:

THE COURT:

Do you want to represent yourself this morning?

THE DEFENDANT:

I'm not ready this morning because, your Honor, the reason I'm not ready this morning is because I don't have the people that I would like to subpoena here present here this morning, your Honor.

* * * *

THE COURT:

You're just looking for a continuance any way, shape, form or fashion.

THE DEFENDANT:

I would rather go to trial, your Honor.

■ Article 2, § 10, of the Arkansas Constitution gives a defendant in a criminal prosecution the right to represent himself. As indicated in *Faretta* v. *California*, 422 U.S. 806 (1975), which is the prevailing case on the right of a defendant to represent himself, twenty-six other states have constitutional provisions granting an accused the right to be heard or to defend himself. 422 U.S. at 813. In *Faretta*, the United States Supreme Court declared that a defendant has the right to conduct his own defense in a criminal case under the Sixth Amendment to the United States Constitution and it is applicable to the states by the Fourteenth Amendment. The State cannot force a defendant to accept counsel against his will or deny his request to conduct his own defense. *Barnes* v. *State*, 15 Ark. App. 153, 691 S.W.2d 178 (1985).

■ Here, on the morning of the trial, the appellant asked the court if he could represent himself, but coupled that request with a motion for a continuance in order to prepare his case and

subpoena witnesses not present for trial. The court denied his request for a continuance and stated "[i]f he wanted to go to trial today and represent himself, fine." The court then asked the appellant "Do you want to represent yourself this morning?" The appellant replied "I'm not ready this morning . . . ." Consequently, we find that appellant waived his right to conduct his own defense, unless the court erred in denying his request for a continuance.

In a similar case, *Burns* v. *State*, 300 Ark. 469, 780 S.W.2d 23 (1989), the defendant asked the court to appoint him another attorney, and the trial court refused finding his counsel competent and that no good cause existed for the defendant not to proceed with his appointed counsel. The defendant in that case then asked the court for a continuance to prepare his own case and represent himself. The supreme court in *Burns* held that where the record reveals appellant's appointed counsel was acting diligently and competently in defending the appellant, the trial court did not err in denying appellant a continuance so that he could prepare to represent himself.

Here, as in *Burns*, appellant's counsel was found competent by the trial court and had prevailed for appellant in a previous case without calling appellant's character witnesses. Also, as in *Burns*, appellant asked for a continuance to prepare his own defense when the trial court refused to find his counsel ineffective. The trial court did not err in denying appellant a continuance so that he could prepare to represent himself. *See Burns* v. *State*, *id.*

In a denial of continuance, it is the appellant's burden to show that there was an abuse of discretion by the trial court. *Lukack* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). The factors which the trial court considers in exercising its discretion over continuance motions are set out in *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435 (1990):

> (1) the diligence of the movant, (2) the probable effect of the testimony at trial, (3) the likelihood of procuring the attendance of the witness in the event of a postponement, and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true.

303 Ark. at 384-385, 797 S.W.2d at 438.

■ State law requires that an affidavit be provided to justify any continuance caused by a missing witness. Ark. Code Ann. § 16-63-402(a) (1987); *Brooks* v. *State*, 308 Ark. 380, 797 S.W.2d 435 (1990). Appellant did not file any affidavit as such, and as pointed out by the trial judge and defense counsel, appellant won another case when counsel refused to call the witnesses appellant now complains were essential to his defense. We find no prejudice or abuse of discretion by the trial court in denying appellant's motion for a continuance.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.