SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–15–525

|  |  |
|---|---|
| CARLOS RENEE JOHNSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **OPINION DELIVERED** DECEMBER 2, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CR–2014–342]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Carlos Renee Johnson appeals from a Sebastian County Circuit Court conviction on a charge of second-degree battery, for which he was sentenced to 120 months' imprisonment in the Arkansas Department of Correction and fined $5000. On appeal, he argues that the circuit court erred by denying him the right to self-representation under the Sixth Amendment to the United States Constitution.

We reverse and remand for a new trial based on the State's concession of error. The Sixth Amendment to the United States Constitution implies a personal right of self-representation. *See Faretta v. California*, 422 U.S. 806 (1975). Article 2, section 10, of the Arkansas Constitution also gives a defendant in a criminal prosecution the right to self-representation. *Nelson v. State*, 43 Ark. App. 68, 859 S.W.2d 658 (1993), *rev'd on other grounds by* 350 Ark. 311, 86 S.W.3d 909 (2002). In *Indiana v. Edwards*, 554 U.S. 164 (2008),

the United States Supreme Court added an element to the standards required for a waiver

of counsel—mental competence to conduct trial proceedings pro se. In *Edwards*, the Court

found that a defendant may be mentally competent to stand trial but mentally incompetent

to act as his own counsel. *Id*. The Court approved the actions of the State of Indiana in

forcing Edwards to use an attorney despite his repeated requests for self-representation. *Id*.

In deciding whether Edwards's Sixth Amendment rights had been violated, the Court held

that the rights previously set forth in *Faretta*, *supra,* were not absolute. *Id*. at 171. The *Edwards*

Court held that the United States Constitution "permits states to insist upon representation

by counsel for those who suffer from *severe* mental illness to the point where they are not

competent to conduct trial proceedings by themselves." *Id*. at 178 (emphasis added). The

ruling in *Edwards* made the test for an effective waiver of counsel a four-prong conjunctive

test instead of a three-prong conjunctive test by adding a pro se litigant's mental competency

to conduct the trial proceedings.

Here, appellant was charged in the Sebastian County Circuit Court with battery in

the second degree with an enhancement on the basis that appellant was a habitual offender.

Appellant requested to represent himself, and that issue was heard on September 10, 2014,

by a different division of the circuit court and a different judge than the one who ultimately

presided over appellant's case. During that hearing, the circuit court informed appellant about

the dangers of self-representation and of his right to counsel. The circuit court also explained

to appellant that he would be held to the same standard as an attorney and informed appellant

of the nature of the charges and the possible sentencing range. Having been so informed,

appellant still told the circuit court that he wanted to proceed pro se because he was going to "fight for his life."

After a hearing, the circuit court entered a written order denying appellant's request to represent himself on the basis that he was incapable of making a knowing, voluntary, and intelligent wavier of counsel and that he was mentally incompetent to represent himself at trial. In keeping with the questioning that took place at the hearing, the circuit court's order reflected that appellant's motion to represent himself was denied because appellant had only an eighth- or ninth-grade education, had no knowledge of the rules of evidence, had never observed a jury trial, had no knowledge of the dangers in representing himself, had never read anything "about the law of the conduct of a trial," and had no knowledge of a legal defense that appointed counsel apparently was prepared to pursue at trial. In addition, the circuit court found, based on an evaluation by the Arkansas State Hospital, that appellant was mildly mentally retarded and suffered schizoaffective disorder, and that these things rendered him incapable of making a voluntary and intelligent waiver of the right to counsel. Attorneys from the public defender's office represented appellant for the remainder of the proceedings, including the entirety of the trial.[1]

*Faretta*, *supra*, recognizes that in order to represent himself, an accused must knowingly and intelligently forgo many of the traditional benefits associated with the right to counsel.

---

[1]After the initial order, a pretrial hearing was held three days before trial in front of the circuit judge who ultimately heard the case. At that pretrial hearing, appellant again expressed his desire to represent himself and indicated that he had "fired" the public defender. The new circuit judge made no further inquiry, "[took] notice" of the previous circuit judge's order, and told appellant, "You won't be representing yourself in this case."

*Id.* So, although a defendant need not himself have the skill and experience of a lawyer in order to completely and intelligently choose self-representation, *Faretta* provides that "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with his 'eyes open.'" *Faretta*, 422 U.S. at 835 (internal citations omitted). Whatever else may be necessary to establish a knowing and intelligent invocation of the right to proceed pro se, *Faretta* makes clear that "technical legal knowledge, as such, [is] not relevant to an assessment of [a defendant's] knowing exercise of the right to defend himself." *Id.* at 836.

Finally, a violation of the Sixth Amendment right to self-representation under *Faretta* "is not amenable to 'harmless error' analysis[,]" *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984), meaning that reversal is mandated without the need of a showing of prejudice. *See also Mayo v. State*, 336 Ark. 275, 984 S.W.2d 801 (1999).

We hold that the circuit court committed reversible error under *Faretta* and *Edwards* by refusing to allow appellant to represent himself based on the colloquy that it conducted with him. The circuit court asked appellant about his knowledge of evidentiary rules, criminal procedure rules, jury trials, and possible defenses. And, based on his answers to these questions, it concluded that appellant lacked the requisite knowledge or ability to represent himself at trial. Nothing in the colloquy was directed to whether, or indicated in any manner that, appellant's invocation of the right to represent himself was not knowingly or intelligently made. Appellant's answer to the single question propounded by the circuit judge

asking whether appellant was aware that "the same rules apply to [him] that they would to a lawyer" indicated that he was indeed aware of this.

Regarding the evaluation relied on by the initial circuit judge finding that appellant was mildly mentally retarded, we note that the evaluation specifically noted that appellant understood the charges against him, understood the roles of witnesses, prosecutor, defense counsel, judge, and jury, and understood that he was facing prison time for his charges. The evaluation also indicated that appellant was able to "challenge prosecution witnesses and testify relevantly" and that he had a "factual and rational understanding of the proceedings against him and the capacity to assist in his own defense."

The colloquy between the circuit court and appellant in this case revealed, at most, that appellant had limited legal experience and had not previously conducted a jury trial. *Faretta* specifically holds, however, that such deficiencies are not relevant to the determination of whether a defendant has knowingly and intelligently invoked the right to self-representation. The circuit court committed reversible error, and this case is reversed and remanded for a new trial. *See, e.g.*, *Pierce v. State*, 362 Ark. 491, 209 S.W.3d 364 (2005).

Reversed and remanded.

ABRAMSON and KINARD, JJ., agree.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.