Cite as 2017 Ark. 246

# SUPREME COURT OF ARKANSAS

No. CR–16–1061

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 14, 2017 |
| KEVIN LEE REED | | |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-13-722 AND 04CR-15-1083] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Kevin Reed was convicted of rape and second-degree sexual assault after a trial in the Benton County Circuit Court. He received a total, consecutive sentence of life plus twenty years. On appeal, Reed argues that his convictions should be overturned because the trial court denied him the right to represent himself at trial in violation of his constitutional rights. Because we agree with the trial court that Reed's attempt to waive his right to counsel and represent himself was equivocal, we affirm.

The United States Supreme Court held in *Faretta v. California*, 422 U.S. 806 (1975), that the right to self-representation for criminal defendants is "necessarily implied by the structure of the [Sixth] Amendment" to the United States Constitution. *Faretta*, 422 U.S. at 819. There is an inherent tension, however, between the Supreme Court's command that criminal defendants receive effective counsel and permitting those same defendants to handle their own defenses, virtually always without relevant expertise and sometimes with literal

life-and-death stakes. Acknowledging this tension, the Court elaborated that defendants invoking the right to self-representation must "knowingly and intelligently forgo" the right to counsel after having been made aware of the "dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835. This court has addressed similar concerns by requiring that (1) the request to waive counsel must be unequivocal and timely asserted, (2) the waiver must be knowing and intelligent, and (3) the defendant must not have engaged in conduct that would prevent the fair and orderly exposition of the issues. *See, e.g., Pierce v. State*, 362 Ark. 491, 498, 209 S.W.3d 364, 368 (2005).

In this case, Reed initially requested to waive his right to counsel and represent himself at a pretrial hearing. The trial court then began providing the necessary disclosures about the "dangers and disadvantages" of self-representation. Reed and the court then engaged in an extended back-and-forth about the preparation and review of evidence for his trial. After this discussion, Reed again said that he wished to represent himself. This request, however, was commingled with his evident concern that the trial should be delayed, a request the court repeatedly stated would not be granted. Consideration of Reed's request for self-representation then picked up the next morning, the day of the trial. Reed renewed his request at the outset of this discussion. After the court reiterated that the trial would not be delayed and that Reed would have to conduct voir dire and his defense that very day, however, Reed said that he was "trying to do what I believe is right, and I don't know." More directly, he then said, "I'm debating whether to represent myself or let [my current counsel] represent me." Reed repeated that he did not know what he wanted to do at that point, and in response to a proposed compromise by the trial court in which Reed's current

counsel would serve as "a whispering attorney," Reed confirmed that he was not sure. After Reed's multiple instances of uncertainty while being told of the consequences of self-representation, the trial court ruled that Reed's invocation was equivocal, and the trial proceeded with Reed's original counsel.

Our precedents have made clear that a defendant's statements must be viewed in their entirety to judge whether an attempt to waive counsel and self-represent is sufficiently unequivocal. In *Mayo v. State*, 336 Ark. 275, 984 S.W.2d 801 (1999), for instance, the defendant stated, "I'll just represent myself. I don't want a lawyer." *Mayo*, 336 Ark. at 281, 984 S.W.2d at 805. After a review of the likely motives for the defendant's request, however, we upheld the trial court's decision not to grant the defendant's request despite a facially unequivocal statement. As we have said, "[e]very reasonable presumption must be indulged against the waiver of fundamental constitutional rights." *Pierce*, 362 Ark. at 498, 209 S.W.3d at 368. Reed's statements in this case presented an inconsistent picture to the court of his commitment to the idea of self-representation. The trial court discounted Reed's earlier, more assured statements after further discussion indicated that Reed harbored doubts about representing himself. This is exactly the sort of holistic review in which a court must engage when a defendant's decision to invoke one right imperils another.

We hold that the trial court correctly held that Reed's attempts to waive his right to counsel and represent himself were equivocal.

As required by Ark. Sup. Ct. R. 4-3(i) (2017), the record has been examined for reversible error. None has been found.

Affirmed.

*Brett D. Watson, Attorney at Law PLLC*, by: *Brett D. Watson*, for Appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for Appellee.