Cite as 2020 Ark. App. 335

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-19-657

| | |
|---|---|
| DANIEL LYNN HONEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** June 3, 2020<br><br>APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-15-80]<br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Daniel Honey was originally convicted by a Logan County jury of one count of rape and one count of second-degree sexual assault in 2016. Our court reversed his convictions in *Honey v. State*, 2018 Ark. App. 217, 547 S.W.3d 483, holding that the circuit court erred in denying Honey's mistrial motions. The State retried Honey in February 2019, and a jury again convicted him of one count of rape and one count of second-degree sexual assault; he was sentenced to thirty years in the Arkansas Department of Correction. His attorney has now filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) on the ground that an appeal would be without merit.[1]

---

[1]Honey was advised of his right to file pro se points, but he has not done so.

1

Rule 4–3(k)(1) provides that a request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. The abstract and addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id*.

The Supreme Court has held that the purpose of the *Anders* brief is both "to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability" and to aid the court in its "critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439 (1988). Our supreme court has held that when counsel fails to address every adverse ruling, rebriefing must be ordered. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. Because counsel has failed to address all the adverse rulings that occurred below, we must deny his motion to withdraw and order rebriefing.

Our comparison of the record and abstract shows that counsel has abstracted each of the adverse rulings that were rendered at trial. In his brief, counsel addresses sixteen of these adverse rulings. Our review of the record and abstract, however, reveals at least three other adverse rulings that are not discussed as well as a motion that was decided adversely to Honey that is likewise not addressed.

First, at abstract pages 36–37, during the testimony of Marilyn Sanders, a forensic interviewer at the River Valley Child Advocacy Center, the State asked what information Sanders provided to a sexual-assault nurse examiner. Honey interposed a hearsay objection, arguing that such testimony had been the subject of a successful motion in limine to exclude testimony regarding the truthfulness of the victim. The court allowed the State to continue its inquiry to show Sanders's purpose in moving to the next step of the investigation. This exchange is abstracted, but it is not discussed in the brief.

Next, at abstract page 54, defense counsel objected to the State's leading questions during the testimony of the victim, R.T. The prosecutor asked the victim if she remembered what she told him the first time they met; Honey objected to leading, and the circuit court replied, "Just because it's a yes or no question doesn't mean it's leading." Although counsel abstracts this ruling, he does not discuss it in his brief.

Finally, at abstract page 59, during R.T.'s cross-examination, defense counsel engaged in a lengthy series of questions apparently designed to establish her competency to testify. The State eventually objected, asserting that it understood "that he has this young lady on cross-examination, but his questions still have to be relevant to something." Defense counsel replied that he was establishing competency and trying to prove to the jury that the child could be led into believing something that was not true. The court disallowed any further questioning in this vein, ruling that the victim was competent to testify. Once again, this exchange is included in the abstract, but counsel does not discuss it in his brief.

In addition to these adverse rulings that occurred during trial, there was a pretrial motion that was decided adversely to Honey that is not discussed in counsel's brief: the State filed a motion for continuance, which was granted.

Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. See Ark. Sup. Ct. R. 4-2(b)(3). We express no opinion as to whether the substituted brief should address the merits or should be made pursuant to Rule 4–3(k). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Motion to withdraw denied; rebriefing ordered.

KLAPPENBACH and VAUGHT, JJ., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.