Cite as 2020 Ark. App. 386

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–20–17

| | |
|---|---|
| CHARLES WAYNE MAYBERRY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 9, 2020<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-19-9]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

Charles Wayne Mayberry was found guilty at a jury trial of two counts of breaking or entering and one count of felony theft, for which he was sentenced to serve sixty years in prison. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Mayberry's attorney has filed a motion to be relieved as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Mayberry was notified of his right to file pro se points for reversal, which he has filed, and the State has filed a responsive brief. Because Mayberry's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k), we order rebriefing and deny counsel's motion to be relieved.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious

ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, rebriefing will be ordered. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to deny Mayberry's motions for directed verdict. Counsel also abstracted and addressed an adverse evidentiary ruling. Counsel failed, however, to discuss an additional adverse ruling that concerned Mayberry's request to represent himself.

At a pretrial hearing, before counsel had been appointed, Mayberry advised the circuit court, "Your Honor, I'd like to represent myself." When asked if he had talked to a lawyer, Mayberry replied, "No," because "there ain't no need." The circuit court told Mayberry about various rules of procedure and informed Mayberry that "without you having the ability to understand that, I'm obligated by law to appoint you an attorney, no matter what." The circuit court told Mayberry that "you just about have to have an attorney," but "if you're just really bent on doing it, then you must give me an opportunity to let somebody stand beside you to help you through it." Mayberry responded that he understood. The circuit court then appointed a public defender.

A defendant has a constitutional right to self-representation under the Sixth Amendment of the United States Constitution and article 2, section 10 of the Arkansas Constitution. A defendant may invoke his right to defend himself provided that (1) the request to waive the right to counsel is unequivocal and timely asserted; (2) there has been a knowing and intelligent waiver; and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Gardner v. State*, 2020 Ark. 147, 598 S.W.3d 10. Mayberry's attorney has failed to explain why the circuit court's adverse ruling on Mayberry's request to represent himself would not be meritorious grounds for reversal on appeal. Because we order rebriefing, we need not address Mayberry's pro se points for reversal. *See Tennant v. State*, 2014 Ark. App. 403, 439 S.W.3d 161.

Counsel is encouraged to review *Anders* and Rule 4-3(k). Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See Honey v. State*, 2020 Ark. App. 335. We express no opinion as to whether the new appeal should be made pursuant to Rule 4–3(k) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup.Ct. R. 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief. *See Williams v. State*, 2013 Ark. App. 323.

Rebriefing ordered; motion to be relieved denied.

GRUBER, C.J., and ABRAMSON, J., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.