Cite as 2021 Ark. App. 124

# ARKANSAS COURT OF APPEALS

DIVISIONS I AND II
No. CR–20–17

| | |
|---|---|
| CHARLES WAYNE MAYBERRY | **Opinion Delivered** March 17, 2021 |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-19-9] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Charles Wayne Mayberry was found guilty at a jury trial of two counts of breaking or entering and one count of felony theft for which he was sentenced to serve sixty years in prison. On appeal, Mayberry asserts that the circuit court committed reversible error by denying his request to represent himself.[1] We disagree and affirm.

In January 2019, Mayberry was present in court for plea and arraignment. The circuit court called Mayberry's case and asked who was representing him. Mayberry advised the circuit court, "I'd like to represent myself" and "I'd like to be totally honest with you." When asked if he had talked to a lawyer, Mayberry replied that he had not because "there ain't no need." The circuit court asked Mayberry whether he understood the rules of criminal procedure that would govern what matters could be presented, and Mayberry

---

[1]This appeal was first presented by Mayberry's counsel as a no-merit appeal, but we ordered rebriefing. *See Mayberry v. State*, 2020 Ark. App. 386.

replied, "Not clearly, sir." The circuit court asked Mayberry if he knew how to conduct cross examination, and Mayberry replied, "There shouldn't be no need of it, sir. Just going to be honest with you and let you do what you do." The circuit court expressed concern that Mayberry did not have the ability to conduct his own defense, which was the reason a criminal lawyer was so necessary. The circuit court implored Mayberry to allow the court to have a public defender "stand beside you to help you through it." Mayberry responded, "I understand, sir." The circuit court advised Mayberry that his attorney could not overcome his personal choices on how to proceed. Mayberry said, "I completely understand, sir." The circuit court then appointed a public defender, and Mayberry entered a not-guilty plea. The public defender appeared in court three times for Mayberry in pretrial matters and represented him at the June 2019 jury trial. At no time from and after plea and arraignment did Mayberry bring up the issue of self-representation.

A defendant has a constitutional right to self-representation under the Sixth Amendment to the United States Constitution and article 2, section 10 of the Arkansas Constitution. A defendant may invoke his right to defend himself provided that (1) the request to waive the right to counsel is unequivocal and timely asserted; (2) there has been a knowing and intelligent waiver; and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Gardner v. State*, 2020 Ark. 147, 598 S.W.3d 10. Every reasonable presumption must be indulged against the waiver of a fundamental constitutional right. *Hatfield v. State*, 346 Ark. 319, 57 S.W.3d 696 (2001). When determining whether an attempt to waive counsel and begin self-representation is sufficiently unequivocal, we must view the defendant's statements in their entirety. *See*

2

*Finch v. State*, 2018 Ark. 111, 542 S.W.3d 143. A defendant's lack of technical legal knowledge is not relevant to a determination of whether he had made a knowing and intelligent waiver of his right to counsel. *See Chambers v. State*, 2020 Ark. App. 54, 595 S.W.3d 371. A request to waive counsel, however, must not leave any doubt that the waiver of counsel is what the defendant wants. *Reed v. State*, 2017 Ark. 246, 524 S.W.3d 929.

Mayberry asserts that he satisfied all three requirements, rendering the circuit court's appointing him counsel reversible error. The State contends that Mayberry failed to satisfy the first requirement of an unequivocal request to waive counsel. Whether a defendant intelligently waived his right to counsel is dependent on the particular facts and circumstances of the case. *Mayo v. State*, 336 Ark. 275, 984 S.W.2d 801 (1999). The accused must have full knowledge or adequate warning concerning his rights and a clear intent to relinquish them before a waiver can be found. *Id*. Viewing Mayberry's statements and actions as a whole, we agree with the State that Mayberry's request left doubt that waiver of counsel is what Mayberry wanted. Although Mayberry initially requested to represent himself, his comments appeared to indicate a desire not to fight the State's charges against him. After further discussion with the circuit court, he accepted the appointment of counsel, he never voiced any further desire to represent himself, and he was actively represented by counsel throughout the remainder of the proceedings.[2] Mayberry did not

---

[2]We note that the court did not specifically deny Mayberry's request at the January 2019 hearing to represent himself. Rather, the court felt "obligated by law" to appoint an attorney and required Mayberry to accept stand-by counsel in the event he chose to proceed on his own.

unequivocally request to waive counsel.  *See Gardner v. State*, 2020 Ark. 147, 598 S.W.3d 10.

Affirmed.

ABRAMSON, GRUBER, and BARRETT, JJ., agree.

VIRDEN and BROWN, JJ., dissent.

**WAYMOND M. BROWN, Judge, dissenting**.  At Mayberry's January 22, 2019 arraignment and plea hearing, the following exchange took place:

| THE COURT: | Charles Wayne Mayberry, 30CR-19-9.  Who's representing you, Mr. Mayberry? |
|---|---|
| APPELLANT: | Your Honor, I'd like to represent myself. |
| THE COURT: | You're going to represent yourself? |
| APPELLANT: | Yes, sir.  I'd like to be — — |
| THE COURT: | By yourself or can I put somebody to sort of whisper in your ear every once in a while? |
| APPELLANT: | I'd like to be totally honest with you. |
| THE COURT: | Have you talked to a lawyer? |
| APPELLANT: | There ain't no need of it. |
| THE COURT: | Huh? |
| APPELLANT: | No, sir. |
| THE COURT: | Okay.  Mr. Mayberry, before I can do that there are certain things that I have to know that you're capable of understanding.  Do you understand the Rules of Criminal Procedure?  And the rules that have to be followed by people to bring matters before the Court? |
| APPELLANT: | Not clearly, sir. |

4

THE COURT: Okay. Do you understand that criminal procedure also teaches you how to do certain motions and things that need to be done by you to protect your interest in the case? That is that if you don't file a motion for discovery you don't get your discovery, you don't know what is out there? Do you understand that that's another requirement that you're going to have to be able to do before the Court?

APPELLANT: Yes, sir.

THE COURT: Do you know how to conduct cross examination?

APPELLANT: There shouldn't be no need of it, sir.

THE COURT: Sir?

APPELLANT: Just going to be honest with you and let you do what you do.

THE COURT: Well, you know, without you having the ability to understand that, I'm obligated by law to appoint you an attorney, no matter what. Because if you don't understand that and can't do those things, which is a simple process — — because I know you don't know what you've got to do to select a jury. And I know you don't know how to do an opening statement to explain to the jury your case. Because there's an artful way to do that. And that's the reason you just about have to have an attorney to practice criminal law. Or if nothing else, if you're just really bent on doing it, then you must give me an opportunity to let somebody stand beside you to help you through it. Okay?

APPELLANT: I understand, sir.

THE COURT: But, now, the attorney can't overcome your right to do whatever you want to do as far as where you're going with your trial. You understand? That's up to you. That's your choice.

APPELLANT: I completely understand, sir.

Following this exchange, Mayberry entered a plea of not guilty. He did not raise the issue of self-representation again and was represented by counsel at the jury trial.

5

On appeal, Mayberry argues that he has a constitutional right to self-representation. He asserts that at his arraignment, although he clearly and unequivocally requested to proceed pro se, he was denied that right. Mayberry contends that such a violation is not "harmless error" and requests that his convictions be reversed.

The United States Supreme Court held in *Faretta v. California*,[3] that the right to self-representation for criminal defendants is "necessarily implied by the structure of the Sixth Amendment" to the United States Constitution. There is an inherent tension, however, between the Supreme Court's command that criminal defendants receive effective counsel and permitting those same defendants to handle their own defenses.[4] Acknowledging this tension, the Court elaborated that defendants invoking the right to self-representation must "knowingly and intelligently forgo" the right to counsel after having been made aware of the "dangers and disadvantages of self-representation."[5] Our supreme court has addressed similar concerns by requiring that (1) the request to waive counsel must be unequivocal and timely asserted, (2) the waiver must be knowing and intelligent, and (3) the defendant must not have engaged in conduct that would prevent the fair and orderly exposition of the issues.[6] Every reasonable presumption must be indulged against the waiver of a fundamental constitutional right.[7]

---

[3] 422 U.S. 806, 819 (1975).

[4] *Id.* at 835.

[5] *Id.*

[6] *See Reed v. State*, 2017 Ark. 246, 524 S.W.3d 929.

[7] *Hatfield v. State*, 346 Ark. 319, 57 S.W.3d 696 (2001).

When determining whether an attempt to waive counsel and begin self-representation is sufficiently unequivocal, we must view the defendant's statements in their entirety.[8]  A request to waive counsel must not leave any doubt that the waiver of counsel is what the defendant wants.[9]

Was Mayberry's request to waive counsel unequivocal and timely asserted?  Yes. Mayberry requested to waive his right to counsel at a pretrial hearing; therefore, it was timely asserted.  He clearly stated, "Your Honor, I'd like to represent myself."  At no time did he indicate that he changed his mind.

Once Mayberry requested self-representation, the circuit court began questioning him regarding his knowledge of criminal procedure and cross-examination, etc.  Following the exchange, the court announced that it was going to appoint counsel or, at the very least, standby counsel.  Notably, the circuit court did not actually explain the right to counsel nor the dangers or disadvantages of waiving that right.

While the State—and the majority—characterize Mayberry's response to the circuit court's appointment of counsel as equivocating or wavering in his commitment to the idea of proceeding pro se, I view Mayberry's "I understand" as an acknowledgment of the circuit court's adverse ruling and not an indication that he changed his mind, equivocated, or wavered in his desire to represent himself.  The court had just announced that it was "obligated" to appoint counsel "no matter what" because Mayberry was not familiar with

---

[8]*Finch v. State*, 2018 Ark. 111, 542 S.W.3d 143.

[9]*Reed*, *supra*.

7

the ins and outs of conducting a trial. This was not a situation in which the court explained the dangers of self-representation, and in response the defendant abandoned his wishes. Mayberry was simply acknowledging the court's ruling by stating, "I understand." Mayberry's failure to forcefully reassert himself at this juncture is not indicative of wavering.

Additionally, I find it troublesome that the circuit court's questioning of Mayberry was very limited and pertained only to court procedure—cross-examination, discovery, jury selection, opening statements, etc. It seems that the court then determined that given Mayberry's lack of knowledge on how to conduct the trial itself, it *had* to appoint counsel. However,

> *Faretta*, *supra*, recognizes that in order to represent himself, an accused must knowingly and intelligently forgo many of the traditional benefits associated with the right to counsel. *Id*. So, although a defendant need not himself have the skill and experience of a lawyer in order to completely and intelligently choose self-representation, *Faretta* provides that "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with his 'eyes open.'" *Faretta*, 422 U.S. at 835 (internal citations omitted). Whatever else may be necessary to establish a knowing and intelligent invocation of the right to proceed pro se, *Faretta* makes clear that "technical legal knowledge, as such, [is] not relevant to an assessment of [a defendant's] knowing exercise of the right to defend himself." *Id*. at 836.

*Johnson v. State*, 2015 Ark. App. 677, at 3–4, 476 S.W.3d 807, 809.

Because *Faretta* makes clear that a defendant's "technical legal knowledge" is not relevant in the assessment of whether he knowingly and intelligently forgoes his right to defend himself, and the circuit court's denial of Mayberry's request in this case was based solely on such since its questions were limited only to lawyering skills, step two of the analysis also falls in favor of Mayberry.

My assessment is as follows: Mayberry clearly and unequivocally requested to represent himself. Nothing Mayberry stated demonstrates that he equivocated in his request to waive counsel. The circuit court erred in asking questions related only to Mayberry's technical legal knowledge because *Faretta* states that Mayberry's lawyering skills are irrelevant to determining whether he knowingly and intelligently waived his right to counsel. Moreover, Mayberry engaged in no conduct that would prevent the fair and orderly exposition of the issues.

I cannot agree that the mere acceptance of the court's adverse ruling and appointment of counsel equals equivocation. Nor can I overlook the circuit court's misapplication of the law. Lack of legal knowledge does not bar a criminal defendant from proceeding pro se. Consequently, I would hold that the circuit court erred in denying Mayberry the right to self-representation and reverse.

For the reasons stated herein, I respectfully dissent.

VIRDEN, J., joins.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.