Cite as 2025 Ark. App. 525

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-23-555

| | | |
|---|---|---|
| VINCENT PEAL | | **Opinion Delivered** October 29, 2025 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CR-22-379] |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, JUDGE |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Vincent Peal was found guilty at a jury trial of possession of a firearm by certain persons, for which he was sentenced to five years' incarceration in the Arkansas Division of Correction. Pursuant to *Anders v. California*,[1] and Rule 4-3(b)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Peal's attorney filed a motion to be relieved as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Peal was notified of his right to file pro se points for reversal; he elected not to do so. Because Peal's no-merit brief failed to address all adverse rulings as required by *Anders* and Rule 4-3(b), we ordered rebriefing.[2] Peal's appeal has now been submitted in adversary form. His sole point on appeal is that the circuit court erred in denying his request for self-representation. We affirm.

---

[1]386 U.S. 738 (1967).

[2]*See Peal v. State*, 2025 Ark. App. 394.

Here, Peal does not challenge the sufficiency of the evidence supporting his conviction; therefore, only a brief summary of the underlying facts is necessary. Police were dispatched to a gas station in response to a call stating that a man with a gun kept entering and exiting the store. Upon arrival, police located a firearm under the hood of Peal's vehicle. Peal informed officers that the firearm was for his protection. At trial, Peal stipulated his felon status. He further admitted that he possessed a gun; he testified that people were threatening him, and he feared for his life. A jury convicted Peal of possession of a firearm by certain persons and sentenced him to serve five years' incarceration. He now appeals, arguing that he should have been allowed to represent himself at trial.

A review of the record demonstrates that Peal attempted to have his privately retained defense counsel, William Howard, dismissed from the case at multiple junctures. On March 2, 2023, at a status hearing, Peal asked to speak to the court. He stated that he "sent in a motion to dismiss Mr. Howard" from the case. He told the court, "I don't need him representing me no more." The court informed Peal that his trial was set for April 11; therefore, new counsel must be ready by that date. Peal declared that if he had not hired anyone by trial, "I'll represent myself." The court continued that it would need to ask Peal some questions before he could proceed with self-representation, "[b]ut, until you hire your new attorney, Mr. Howard is still on there." On March 6, Peal filed multiple pro se motions: motion for relief of counsel;[3] motion of reduction of bail before trial; and motion to proceed in forma pauperis. On April 11, before the start of trial, Peal again stated on the

_____

[3]Peal's motion stated that it was "to give notice of a motion for relief of counsel against William Howard attorney of law, on the grounds of insufficient counsel." In the motion, Peal did not request to dismiss his counsel so that he could proceed pro se.

record that the court refused to permit him to fire his private counsel, and he was forced "to take him to trial[.]" The court denied Peal's motions. Peal's behavior became disruptive, and the court instructed the bailiffs to watch him.

Peal now argues on appeal that his constitutional right to self-representation was denied. He contends that he unequivocally waived his right to counsel, the circuit court erroneously dismissed his requests to dismiss his attorney, and the circuit court failed to conduct the required *Faretta* analysis. Peal urges this court to reverse his conviction and remand for a new trial and that should he "continue to so request, that he be given an opportunity to waive his right to counsel."

The State responds that Peal never requested to proceed pro se much less made an unequivocal request to do so. The State concedes that Peal expressed dissatisfaction with his defense counsel and requested to remove his attorney from the case; however, the State maintains that only the reference to the possibility of self-representation transpired.

A defendant in a criminal case has a Sixth and Fourteenth Amendment right to represent himself at trial.[4] A defendant in a criminal case also has the right to represent himself at trial and act as his own lawyer pursuant to article 2, section 10 of the Arkansas Constitution.[5] Whether a trial court erred in denying a defendant's request to represent himself at trial is an issue of law.[6] This court reviews issues of law de novo.[7]

---

[4]*Faretta v. California*, 422 U.S. 806 (1975).

[5]*Ivory v. State*, 2017 Ark. App. 269, 520 S.W.3d 729.

[6]*Talley v. State*, 2017 Ark. App. 550, 533 S.W.3d 95.

[7]*Id.*

A circuit court must grant a defendant's request to represent himself at trial when (1) the defendant's request to waive his right to counsel and represent himself is unequivocal and timely asserted; (2) the defendant makes a knowing and intelligent waiver of his constitutional right to be represented by counsel; and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of his trial.[8] Every reasonable presumption must be indulged against the waiver of the right to counsel.[9]

There is no infringement on the right to self-representation if a defendant fails to properly assert it.[10] The test is whether a defendant clearly and unequivocally invoked his or her right to proceed pro se; this test safeguards the fundamental right to counsel.[11]

When determining whether an attempt to waive counsel and begin self-representation is sufficiently unequivocal, we must view the defendant's statements in their entirety.[12] A request to waive must not leave any doubt that the waiver of counsel is what the defendant wants.[13] When a defendant seeks to have another attorney represent him, his request to proceed is not unequivocal.[14]

---

[8]*Reed v. State*, 2017 Ark. 246, 524 S.W.3d 929.

[9]*Brown v. State*, 2012 Ark. App. 314, 416 S.W.3d 260.

[10]*Pierce v. State*, 362 Ark. 491, 209 S.W.3d 364 (2005).

[11]*Id.*

[12]*Gardner v. State*, 2020 Ark. 147, 598 S.W.3d 10.

[13]*Id.*

[14]*Talley*, *supra*.

Here, in a pretrial hearing, Peal stated that he no longer wanted his defense counsel to represent him. He expressed frustration with counsel's performance in connection with the failure to "get a bond reduction hearing." Peal stated that he had been in jail for a year on a charge that was "supposed to have been dropped," and "[counsel] ain't done nothing about it." The court advised Peal that, if he retained new counsel, the substitute counsel must be ready to proceed to trial on April 11. The court continued to explain what would occur if new counsel was not hired by that time; however, Peal interjected and stated that, in that event, he would represent himself. The court directed that Peal's current counsel would remain on the case until new counsel was hired. On the day of trial, Peal addressed the court and again expressed dissatisfaction with his counsel. Specifically, Peal argued, "Last month I came in your court and I asked you to fire him. You refusing me to fire him, so you're forcing me to take him to trial, and I'm not even prepared for trial." He went on to detail his discontent with counsel's handling of the witnesses and bond.

The record fails to demonstrate that Peal made an unequivocal request to waive his right to counsel. Neither the March 2 request nor the April 11 statement was a request that he be permitted to represent himself. The motion for relief of counsel filed on March 6 also failed to request self-representation. At most, he referenced the possibility of proceeding pro se in response to the court's declaration that any new counsel must be hired and ready for trial by the scheduled date. Peal's requests centered on his disappointment with his counsel, culminating in a desire to remove him from his case. At no time did Peal unequivocally invoke his right to waive counsel and represent himself. Peal's statements, taken in their entirety, represent frustration with his counsel rather than an unequivocal request to waive his right to counsel.

5

We reiterate that a circuit court must grant a defendant's request to represent himself at trial only if three prerequisites are met: (1) the defendant's request to waive his right to counsel and represent himself must be unequivocal and timely asserted; (2) the defendant makes a knowing and intelligent waiver of his constitutional right to be represented by counsel; and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of his trial.[15] Because all three conditions must be met, and we have explained that the first one fails, we need not also address Peal's disorderly and disruptive conduct that further supports the denial of a request to waive his right to counsel.

Accordingly, the circuit court did not deny Peal his constitutional right to self-representation.

Affirmed.

KLAPPENBACH, C.J., and HARRISON, J., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[15]*Reed*, *supra*.