Cite as 2020 Ark. App. 11

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR–19–249

| | |
|---|---|
| JAMES M. BOHANAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 15, 2020<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15CR-18-22]<br><br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A Conway County Circuit Court jury found James M. Bohanan guilty of four counts of felon in possession of a firearm. Bohanan was sentenced to ten years' imprisonment in the Arkansas Department of Correction concurrently on each count. Bohanan's lawyer, Robert N. Jeffrey, has submitted a no-merit brief and a motion to withdraw as counsel asserting that this appeal is without merit.

Rule 4–3(k) (2019) of the Rules of the Supreme Court of Arkansas, which is based on *Anders v. California*, 386 U.S. 738 (1967), outlines the framework for constitutionally permissible no-merit briefs. Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4–3(k)(1). We cannot affirm Bohanan's convictions and allow

Jeffrey to withdraw without an adequate discussion of why a particular ruling by the circuit court is not a meritorious ground for reversal. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). If a no-merit brief fails to address all the adverse rulings, we must order rebriefing. *Id.*

This no-merit brief fails to address all adverse rulings. Jeffrey did not discuss Bohanan's speedy-trial motion that was orally denied by the circuit court during the August 2018 trial. And the circuit court sustained the prosecutor's objection to Bohanan telling the jury about having "no chance" unless certain people were brought as witnesses. Third, during the sentencing phase of trial, Bohanan asked that the weapons the State recovered be returned because they were his son's guns. The court orally ruled that the State could decide what to do with the guns when the appeal process had ended. The sentencing order states, "Firearms shall be forfeited to law enforcement." The no-merit brief also does not discuss a 24 January 2019 order denying postconviction relief to Bohanan, which was filed in circuit court before the appeal record was lodged in this court. Finally, Jeffrey has not adequately discussed Bohanan's attempts to "fire" him at several points in this case.

We remind counsel that these examples are not necessarily an exhaustive list of deficiencies. Counsel is encouraged to review *Anders* and Rule 4-3(k) for the requirements of a no-merit brief and to determine whether there remains any meritorious argument on appeal. Jeffrey has fifteen days from this opinion's date to file a compliant substituted brief. *See* Ark. Sup. Ct. R. 4-2(c)(2). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Bohanan, and he will have thirty days to raise any

pro se points pursuant to Rule 4–3(k)(2). The State will also be given an opportunity to file a responsive brief.

Motion to withdraw denied; rebriefing ordered.

HIXSON and MURPHY, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.