Cite as 2020 Ark. App. 423

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-19-249

| | |
|---|---|
| JAMES M. BOHANAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 23, 2020<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-18-22]<br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>MOTION TO WITHDRAW DENIED; MERIT BRIEF ORDERED |

**BRANDON J. HARRISON, Judge**

James Bohanan was convicted of possessing firearms as a felon following a jury trial in the Conway County Circuit Court. The court appointed Bohanan's trial counsel to represent Bohanan in the appeal process. Counsel filed a notice of appeal on Bohanan's behalf.

But counsel did not file a brief in support of Bohanan's appeal. Instead, Bohanan's appointed counsel moved to withdraw from the case and filed an *Anders* brief, arguing that an appeal was not meritorious and wholly frivolous. In time, the appeal was submitted for a decision. We ordered rebriefing because, among other things, counsel did not adequately discuss Bohanan's attempts to remove his counsel at several points during the case. *Bohanan v. State*, 2020 Ark. App. 11. Because this deficiency has still not been fixed to our satisfaction in accordance with the *Anders* process, we order a merit brief and deny counsel's motion to withdraw.

I.

A.

The main problem is that we disagree with counsel's assertion that this appeal is wholly without merit. There is an issue that warrants a merit brief: Was Bohanan improperly denied his constitutional right to self-representation? Counsel's explanation to this court on why the circuit court was "correct in denying the appellant's motion to discharge his attorney and to represent himself" was as follows:

> The appellant was determined by the court to be indigent and counsel was appointed to represent him in this case by the court. Therefore, appellant cannot "fire" or discharge his court appointed counsel. That authority remains with the court. There is no evidence that the court abused its discretion by not removing appointed counsel.

This is mistaken. It is well-established law that the Sixth and Fourteenth Amendments to the United States Constitution give a criminal defendant the right to represent himself at trial. *Faretta v. California*, 422 U.S. 806 (1975). A defendant in a criminal case also has the right to represent himself at trial and act as his own lawyer pursuant to article 2, section 10 of the Arkansas Constitution. *Ivory v. State*, 2017 Ark. App. 269, 520 S.W.3d 729. This is so whether or not counsel was court appointed. Whether a circuit court erred in denying a defendant's request to represent himself at trial is an issue of law. *Talley v. State*, 2017 Ark. App. 550, at 3, 533 S.W.3d 95, 98.

There can, however, be no infringement on the right to self-representation if a defendant fails to properly assert it. *See Pierce v. State*, 362 Ark. 491, 209 S.W.3d 364 (2005). The test is whether a defendant clearly and unequivocally invoked his or her right to proceed pro se; this test safeguards the fundamental right to counsel. *See id*. Although a defendant

2

need not have the skill and experience of a lawyer to competently and intelligently choose self-representation, he must be made aware of the dangers and disadvantages of self-representation. To this end, the circuit court record must establish well enough that the defendant knows what he is doing, and the choice to self-represent was made with eyes wide open. *Faretta*, *supra*. Importantly, the denial of the right to self-representation is not subject to a harmless-error analysis because it is deemed a structural error. *See Reams v. State*, 2018 Ark. 324, at 16, 560 S.W.3d 441, 452 (citing *McKaskle v. Wiggins*, 465 U.S. 168 (1984)).

Here, counsel appears to assert in his no-merit brief that Bohanan wanted to represent himself at trial but was not permitted to do so by the circuit court. The record supports this assertion. After jurors had been selected, but not sworn, defense counsel (who is also appellate counsel) presented a note to the circuit court. The note, which was from Bohanan to his trial-turned-appellate counsel, was accepted as evidence in the case. The note read, "[B]efore you approach the jury I would like to dismiss you as my attorney. Do you bring that before the Court or do I?" After reading the note, the court ruled, "The jury has already been [e]mpaneled, and I have already told the [d]efendant that I am not going to release you as the attorney."

After the close of the State's case, Bohanan chose to testify in his own defense. His first sentence during his testimony was: "Your Honor, I dismissed my counsel earlier today." The court then said, "We are going to go on with the testimony regarding the case. If you would please answer [his] questions." Bohanan's counsel tried to elicit some factual

3

responses from Bohanan and then said, "[W]ould you rather I let you say what you want to say without questioning?" Bohanan replied, in part, "I don't want you at all."

Then came this discussion on the record, during which the court stated,

> Mr. Bohanan, do you know, if I turn it over to you, do you know what you want to say. I can't ask you questions and the jury can't ask you questions. So it will be up to you to tell them what you want to say, since you're not going to let Mr. Jeffrey ask the questions. That is where I am at. Do you know what you are going to say?

In response Bohanan said, "I don't know what I am allowed to say." And the prosecuting attorney argued, "I think the Court needs to make clear to Mr. Bohanan, is that while he's entitled to testify, he's not entitled to have a discourse with this jury." Bohanan was never permitted to represent himself.

### B.

The *Anders* process balances an indigent appellant's right to counsel on direct appeal with appointed counsel's professional responsibility to not file a frivolous appeal. *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* decision, the Supreme Court of the United States directed that a reviewing appellate court must "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Id*. at 744. We therefore have an independent duty to make certain that appointed counsel has not overlooked the existence of potentially nonfrivolous issues. An issue does not have to be a winner on its face before we order a merit brief. That is in no wise the point of the *Anders* process.

Given our independent review of the record, we are not satisfied that counsel examined the record for appealable issues and accurately determined that an appeal would be wholly frivolous. Again, our review of the record and caselaw reveals a nonfrivolous

4

question—were Bohanan's attempts to dismiss his attorney also requests to represent himself; and if they were, did he make them sufficiently clear and unequivocal so that the circuit court was required to inquire further? *Faretta*, *supra*. We therefore deny counsel's motion to withdraw and order a merit brief on the point.

The clerk of this court provided Bohanan with a copy of his counsel's motion to withdraw along with an accompanying *Anders* no-merit brief in accordance with Rule 4-3(k)(2) of the Rules of the Supreme Court and Court of Appeals of Arkansas. Bohanan filed pro se points within thirty days, and the Arkansas Attorney General's Office has filed a brief in response. Ark. Sup. Ct. R. 4-3(k)(3) (2019). Bohanan's pro se points span a wide range of topics; most have to do with his lawyer's performance. We acknowledge the points but do not address them now given the order to rebrief.

## II.

Counsel's motion to withdraw is denied, and he is ordered to file a merit brief on the issue of whether Bohanan's requests to dismiss his attorney were also requests to represent himself; and if they were, did Bohanan make knowing, voluntary, timely, clear, and unequivocal requests made with a general understanding of the consequences? *Faretta*, *supra*; *see also State v. Towle*, 35 A.3d 490, 493 (N.H. 2011) (discussing various courts' approaches when a defendant tries to remove his defense attorney).

The merit brief is due within thirty days of today's opinion. The State may file a response brief if it so chooses within thirty days after Bohanan's counsel has filed a merit brief.

Motion to withdraw denied; merit brief ordered.

5

KLAPPENBACH and HIXSON, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by*: Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.